Letter dated June 11, 2010


SCANNED
MAR 11 2013
U.S. DISTRICT COURT MPLS



Minneapolis
*City of Lakes*

June 11, 2010

Vladimir Monroe
Jordan Area Community Council
2009 James Avenue North
Minneapolis, MN  55411

Dear Mr. Monroe:

We have recently been informed of a complaint filed that the Jordan Area Community Council (JACC) was holding meetings at a location that was not accessible to wheelchair users and, therefore, was not in compliance with the requirements of the Americans with Disabilities Act ("ADA") Title II regulations. This is a very serious matter and we want to remind you of your obligations under that Act, the Minnesota Human Rights Act and Title VII ("Civil Rights") of the Ordinances of the City of Minneapolis to ensure that persons with disabilities have equal access and equal opportunity to the activities of, and the services provided, by the neighborhood organization.

Each neighborhood organization should have or develop a plan for how it will accommodate the needs of persons with disabilities. This plan should include a provision for holding the organization's public meetings in locations that meet the accessibility standards of the ADA if at all possible. The programs, services, activities and benefits that you offer should also be accessible by these individuals and your plan should identify how these needs will be addressed.

All public meetings should be physically accessible to any eligible member of the organization who wants to participate. To help ensure that physical access is available, the organization should take all reasonable steps to accomplish the following:

- Make sure that accessible parking is available for participants and that there is signage indicating where the parking is located.
- Ensure that there is at least one accessible entrance and signage that indicates where the entrance is located.
- Ensure that restrooms are accessible and have accessible stalls.
- Check that elevators are readily available for multi-floor buildings.

**Every notice of a public meeting sponsored by your organization or one of its committees or task forces should include a prominently displayed statement that the meeting is "an accessible event and that requests for accommodations are welcome". The notice should indicate the date by which an accommodation must be requested and the person to be contacted to make the request.**

Because of the physical layout of some locations that may be required for a scheduled meeting, there may be significant difficulties in complying with the ADA and providing physical access to some persons with a disability. For example, a ramp may need to be added to the facility or entrance doors may need to be modified to accommodate a person with a disability. Often these types of facilities are not owned by the neighborhood, and the expense to make the necessary physical changes in the facility may impose a significant financial burden on the entity providing the space and/or neighborhood. The financial costs of physically modifying a facility could impact the ability of the neighborhood to retain access to the facility.

If these difficulties amount to an "undue burden" as defined by the ADA, there may be the ability to be

excused in some circumstances from making the kinds of physical changes to a facility otherwise required by the ADA. These types of questions are complex, difficult to define in advance, and can only be determined on a case-by-case basis. If your neighborhood encounters such a problem, contact Ahmed Muhumud, the City's Access and Outreach Manager, for assistance in resolving the issue. Mr. Muhumud can be reached at 612-673-2162 or ahmed.muhumud@ci.minneapolis.mn.us. The majority of these issues can be resolved through timely conversation with the person seeking the accommodation in order to assess the problem and work cooperatively towards a solution.

You also have an obligation to address in a timely manner a request for accommodation at a meeting that would permit the person seeking the accommodation to participate in the meeting and receive and communicate information at the meeting. Such accommodations may include:

- Providing a sign language interpreter and/or assisted listening device to individuals with hearing impairments.
- Making sure that all distributed materials are available, if requested, in an alternative format.
- Providing readers for individuals with visual impairments.

Materials should be distributed and available in advance of the meeting; preferably at the time the notice of accommodation is published. The "undue burden" discussion applicable to physical access to a meeting may be applicable in this context also. We encourage you to work with the person requesting an accommodation to identify the nature of the accommodation, the availability of resources needed to accommodate the disability, the possible sources of such resources, and the best method for addressing the requestor's needs.

The important thing to consider as you review or develop your accessibility plan is that no resident should feel that there are barriers to their participation in the neighborhood organization if they wish to participate. It is the neighborhood organization's responsibility to provide equal access and equal opportunity to the services provided by the neighborhood to all persons, with people with disabilities being accommodated to the extent that accommodation does not present an undue or excessive burden in providing these services.

Sincerely,

Stacy Sorenson
Neighborhood Revitalization Program

Bob Cooper
City of Minneapolis

cc:      Ahmed Muhumud, Neighborhood and Community Relations.

21

Email dated Tuesday October 18, 2011

## Bob Miller

**From:** "Bob Miller" <rmiller@nrp.org>
**To:** <lriskedal@gmail.com>
**Cc:** "Joe Horan" <jhoran@nrp.org>; "Bob Cooper" <bob.cooper@ci.minneapolis.mn.us>
**Sent:** Tuesday, October 18, 2011 2:02 PM
**Attach:** JACC-ADA.doc
**Subject:** Jordan and Accessibility

On June ll, 2010 our office sent the Jordan Area Community Council the attached letter concerning complaints that we had received regarding JACC's holding meetings at locations that were inaccessible to persons with disabilities. Our request was that you cease and desist holding meetings of JACC and its committees at locations that did not meet the requirements of the Americans With Disabilities Act ("ADA"). Since there are several free sites in the neighborhood that could be used for JACC meetings that are ADA compliant, we did not feel that meeting this requirement would put an unfair burden on Jordan. We also informed JACC that you should have a plan in place that addresses how JACC will meet your organizations obligations under ADA, the Minnesota Human Rights Act and Title VII of the Oridnances of the City of Minneapolis to ensure that persons with disabilities have equal access and equal opportunity to participate in the activies of, and the services provided by, JACC. In your email message of August 3, 2011 you noted that you had personally experienced the impacts of this issue and stated that you were "VERY embarrassed ( and angry ) when hosting an event in July, and a guest had a difficult time getting into the house".

It is now 16 months after that letter was sent to JACC. To the best of my knowledge, JACC has continued to conduct committee meetings and other public meetings at 2009 James Avenue North and this location is clearly inaccessible to persons with disabilities. I am also unaware of any actions taken by the Board to create a plan for and address its compliance with ADA and the other statutory cites above. I have also received copies of several grievances filed with JACC relating to this issue that indicate it has not been addressed and that JACC is continuing practices that discriminate against persons with disabilities and for which they have been previously put on notice. This is a very serious issue and needs to be addressed by the JACC Board and addressed now.

I am, therefore, notifying you that the JACC needs to take the following actions, at a minimum, within the next 45 days:

1. Schedule any future public meetings of its committees, Board and members at locations that meet the requirements of the ADA.
2. Begin developing a plan that addresses the steps JACC and its sponsored programs, activities and services will take, with timetables for completion, to ensure        compliance with ADA, the Minnesota Human Rights Act and Title VII of the Oridnances of the City of Minneapolis to ensure that persons with disabilities have equal     access and equal opportunity to participate in the activies of, and the services provided by, JACC.
3. Address any pending grievances regarding this issue in a timely manner and in accordance with the procedures in the JACC grievance policy. A copy of the findings     from that grievance process should be sent to NRP.
3. Report to Joe Horan (your NRP neighborhood specialist) by November 18, 2011 on progress, and the actions taken and planned to address these issues.

JACC had been given more than ample time to address and resolve this issue and I want you to know that I take this non response to date very seriously. If this issue does not get addressed I will consider JACC to be out of compliance with its responsibilities to NRP as our provider of NRP funds and services. We have had a long and positive relationship with JACC over the past 20 years and I know that you will act responsibly on this very serious matter. I look forward to your cooperation and action.

Sincerely,

Robert D. Miller,
Director, NRP

22

Settlement Agreement

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF HENNEPIN** | **FOURTH JUDICIAL DISTRICT** |

Peter Rickmyer,

            **Petitioner,**

    v.

Robert Hodson, et al.,

            **Defendants.**

**Case Type:**

**Court File No.:  27-CV-10-3378**

**SETTLEMENT AGREEMENT BETWEEN PLAINTIFF PETER RICKMYER AND CITY OF MINNEAPOLIS DEFENDANTS**

---

This Agreement entered into this _13th_ day of February 2013:

WHEREAS, Peter Rickmyer (hereinafter referred to as "Plaintiff"), has instituted

legal proceedings against the Minneapolis Police Officers Joel Pucely, Brandon

Bartholomew, Scott Olson, Jeffery Newman and Michael Martin in Hennepin County

District Court File 27-cv-10-3378;

WHEREAS, by Order dated May 17, 2010, the Hon. Robert A Blaeser granted the

Motion of the City of Minneapolis to dismiss or alternatively for summary judgment; and

WHEREAS, Plaintiff seeks to vacate the Order;

NOW, THEREFORE, in consideration of the premises and the mutual promises

contained herein, it is agreed as follows:

1.    <u>Release.</u>  Plaintiff for himself,  his heirs, successors and assigns, does hereby

release, acquit and forever discharge Joel Pucely, Brandon Bartholomew, Scott Olson,

Jeffery Newman, Michael Martin and the City of Minneapolis and its current, former and

future officers, directors, employees, agents, predecessors, successors and assigns, including any named as parties in this lawsuit, to the fullest extent permitted by law from and against any and all claims, actions, demands, causes of actions, obligations, rights or damages of any nature including claims for attorneys' fees which he ever had, may now have, or which may hereafter arise, whether known or unknown, on account of, or in any way relating to the allegations set forth in his Complaint, attached as Exhibit A, that is the subject matter of Hennepin County District Court File 27-cv-10-3378 to the extent that the allegations relate to Joel Pucely, Brandon Bartholomew, Scott Olson, Jeffery Newman, Michael Martin and the City of Minneapolis, its current or former employees.

2.     In consideration of the above agreement on the part of the Plaintiff, the City of Minneapolis agrees:

a.     Plaintiff has alleged that Officers Pucely and Newman refused to run a driver's license, check arrest warrants or parole or probation status relating to a harassment complaint made by Plaintiff. The City of Minneapolis agrees that officers are required to respond to calls regarding neighborhood harassment and report and document alleged criminal activity as required by law and the procedures set forth in the Minneapolis Police Department Policy and Procedures Manual. The City of Minneapolis agrees officers will be subject to progressive discipline for violations of procedures set forth therein.

b.     Plaintiff has alleged that Sergeant Scott Olson damaged the credibility of the Plaintiff by making a false statement about the Plaintiff. Sergeant Scott Olson has submitted and affidavit in this case in which he swore that he attended a Folwell

2

Neighborhood meeting and mentioned that he believed Plaintiff was working in connection with Jordan Area Community Council ("JACC"). Sgt. Olson later learned that Plaintiff is not associated with JACC. Sgt. Olson has not subsequently stated that Plaintiff is affiliated with the JACC in any way and will make no such representations in the future.

      c.    Plaintiff has asserted he was involved in a pedestrian accident with a motor vehicle and that Officer Brandon Bartholomew failed to share information regarding the driving of the suspect vehicle with the Plaintiff and made misrepresentation in his report of the incident. The City of Minneapolis agrees that the Minneapolis Police Department Policy and Procedures Manual sets forth traffic accident investigation procedures, see http://www.ci.minneapolis.mn.us/police/policy/mpdpolicy_7-500 7-500. The City of Minneapolis agrees that officers are expected to follow the procedures set forth in the Minneapolis Police Department Policy and Procedures Manual and will be subject to progressive discipline for violations of procedures set forth therein.

      d.    Plaintiff has agreed to dismiss Michael Martin upon execution of this document as it related to Pucely, Bartholomew, Olson and Newman.

    3,    <u>Full Satisfaction</u>. Plaintiff understands and agrees that acceptance of the above consideration is in full and complete satisfaction of the afore-mentioned claims in Hennepin County District Court File 27-cv-10-3378 and all those described in paragraph 1 and that the settlement of this case is in no way or manner to be construed as an admission on the part of the City of Minneapolis or any party benefited by this Agreement, or of the validity of this case or of the liability of any Defendant, which validity and liability Defendants expressly deny.

3

4.      <u>Complete Agreement</u>.  This Agreement contains and sets forth all of the terms agreed upon by the parties regarding Plaintiff's claims, including damages, and any and all attorneys' fees against the Defendants.

6.      <u>Voluntary Agreement</u>.  Plaintiff acknowledges and agrees that he has read and thoroughly discussed all aspects of this Agreement and that he is not represented by counsel, that he understands all of its provisions, and that he signs and agrees to all of its terms voluntarily and without coercion.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below.

**PETER RICKMYER**

Dated: 2-13-13

Peter Rickmyer
Plaintiff and Attorney Pro Se
2118 25th Avenue North
Minneapolis, MN  55411
(612) 522-3628

4

Dated: 2/13/13

SUSAN L. SEGAL
City Attorney
By

TIMOTHY S. SKARDA
Assistant City Attorney
Attorney Reg. No. 10176X
Attorneys for Defendants
Pucely, Martin, Olson, Bartholomew and Newman
City Hall, Room 210
350 South 5th Street
Minneapolis, MN 55415
(612) 673-2553

5

Settlement Agreement Exhibit A

Exhibit A

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | Case Type: Civil |

Peter Rickmyer,
      Petitioner,                                              File number: Pending

    v.                                                                              **COMPLAINT**

| | |
|---|---|
| Robert Hodson | John George Hubbard II |
| 2640 Sheridan Avenue North | 2589 Bedford Court |
| Minneapolis, Minnesota 55411 | Mendota Heights, Minnesota 55120 |
| | |
| John Hoff, a.k.a. jns, Johnnynorthside, | John Doe 1 |
| The Adventures of Johnny Northside. | 2009 James Avenue North |
| 2226 Bryant Avenue North | Minneapolis, Minnesota 55411 |
| Minneapolis, Minnesota 55411 | |
| | Ann McCandless |
| The Adventures of Johnny Northside | 2814 Irving Avenue North |
| 2226 Bryant Avenue North | Minneapolis, Minnesota 55411 |
| Minneapolis, Minnesota 55411 | |
| | Michael (KIP) Brown |
| David Arnold Schooler | 1550 Hillside Avenue North |
| 2200 IDS Center | Minneapolis, Minnesota 55411 |
| Minneapolis, Minnesota 55402 | |
| | BRIGGS AND MORGAN |
| Jordan Area Community Council | 2200 IDS Center |
| 2009 James Avenue North | Minneapolis, Minnesota 55402 |
| Minneapolis, Minnesota 55411 | |
| | John Does 3-25 |
| John Doe 2 | |
| 2009 James Avenue North | Jane Does 1-20 |
| Minneapolis, Minnesota 55411 | |
| | Brandon Bartholomew |
| Joel Pucely | |
| | Jeffrey B. Newman |
| Mike Martin | |
| | John Haddy |
| Olson | |
|         defendants. | |

**COMPLAINT, SWORN TO UNDER OATH**

**STATE OF MINNESOTA** )
                           )    ss.
**COUNTY OF HENNEPIN** )

Page 1 of 12

## Exhibit A

Peter Rickmyer, Being duly sworn, under oath, states:

### PARTIES

1. Plaintiff Peter Rickmyer ("Rickmyer" "me" "Myself" "I") at material times resided at 2118 25th Avenue ("Ave") North ("N"), Minneapolis ("Mpls"), Minnesota ("Mn") 55411 and member of Jordan Area Community Council Corporation ("jacc").

2. Defendant John Hoff ("Hoff") at material times lived at 2226 Bryant Ave N, Mpls, Mn 55411 and owned company website called The Adventures of Johnny Northside ("js") and received income from company website

3. Defendant The Adventures of Johnny Northside, at material times located at 2226 Bryant Ave N, Mpls, Mn 55411 which generates income for Hoff.

4. Defendant Michael (KIP) Brown ("Brown") at material times lived at 1550 Hillside Ave N, Mpls, Mn 55411. On Board of Directors ("bod") and executive committee ("ec") of jacc

5. Defendant Robert Hodson ("Hodson") at material times lived at 1550 Hillside Ave N, Mpls, Mn 55411. On bod and ec of jacc.

6. Defendant John George Hubbard II ("Hubbard") at material times owned rental property in N Mpls. Hubbard on bod and ec of jacc...

7. Defendant Ann McCandless ("McCandless") at material times lived at 2814 Irving Ave N, Mpls, Mn 55411. McCandless on bod and ec of jacc.

8. Defendant John Haddy ("Haddy") at material times lived at unknown address and member of jacc.

9. Defendant John Doe 1 ("Doe 1") at material times member of jacc.

Exhibit A

10.    Defendant John Doe 2 ("Doe 2") at material times were member of jacc.

11.    Defendant Jacc at Material times located at 2009 James Ave N, Mpls, Mn 55411.

12.    Defendant BRIGGS AND MORGAN ("Briggs") at material times is a law firm

located 2200 IDS Center, Mpls, Mn 55402, who employs David Arnold Schooler.

13.    Defendant David Arnold Schooler ("Schooler") at material times is works at 2200

IDS Center, Mpls, Mn 55402 and attorney at Briggs

14.    Defendant Mike Martin ("Martin") at material times works for Mpls.

15.    Defendant Brandon Bartholomew ("Bartholomew") at material times Mpls.

16.    Defendant Jeffrey B. Newman ("Newman") at material times works Mpls.

17.    Defendant Joel Pucely ("Pucely") at material times works for Mpls.

18.    Defendant Olson at material times works for City of Mpls as police officer.

## ALLEGATIONS

The plaintiff complains of defendants and alleges the following:

Hoff at material times used his company website js to speak on behalf of jacc its

agents, employees, attorneys, and those persons in active concert or participation and or

conspiring with but not limited to Hodson, Hubbard, Brown, McCandless, Haddy, Doe 1,

Doe 2 to wage a smear campaign against Rickmyer which was design to intimidate, risk

the safety of Rickmyer's property and life, deny freedom of speech, freedom of liberty by

doing but not limited to being deceitful, untruthful, misrepresent facts by withholding

relevant information which would clarify information already given for purposes of

interfering with contractual agreements including but not limited to City of Mpls,

Community Planning and Economic Development Department ("CPED") and jacc which

adversely affected Rickmyer, these actions were done to teach Rickmyer a lesson.

Exhibit A

20.     Briggs did not properly train and or supervise Schooler or have policy and

Procedures with sufficient discipline to prohibit its agents, employees, attorneys, and

those persons in active concert or participation with them from making

misrepresentations to Court, which allowed Schooler on May 5, 2009 to suggesting I was

trying to somehow get Schooler removed from 27-CV-09-2277, because of accusation

the Court obtained my name and I believe based on preponderance of evidence 50.01%

more likely then not Schooler conspired with Hoff, js, Brown, Hubbard, Hodson,

Hubbard, McCandless to publicly humiliate me by having me removed from Court on

May 13, 2009.

21.     Jacc does not have policy and procedures with sufficient discipline to prohibit its

members, agents, employees, attorneys, and those persons in active concert or

participation with them from committing illegal acts including but not limited to

trespassing, as a result Hubbard and Haddy on May 4, 2009 entered Rickmyer's property

without permission in violation of Minnesota State Statute Section 609.605 and

Minneapolis Code of Ordinances Section 385.380 (trespassing upon the land or property

of another) for purposes of harassing and perpetrating fraud against Rickmyer

22.     Rickmyer filed a grievance with jacc and petition for restraining order ("TRO") to

prohibit Hubbard, his organizational agents, employees, attorneys, and those persons in

active concert or participation with them from harassing Plaintiff including but not

limited to trespassing upon my property, harass, remove me from community and

ridicule, however Hubbard on June 16, 2009 to Honorable Finely and July 27, 2009 to

Judge Zimmerman was untruthful and misrepresented facts by withholding relevant

information which would of clarified facts already given for purposes of having TRO

Exhibit A

dismissed so Hubbard, his organizational agents, employees, attorneys, and those persons

in active concert or participation could continue to conspire to remove Rickmyer from

community and other illegal acts. On 12-8-2009 Doe 1 instructed Doe 2 to call 911 in

attempt to have Plaintiff removed from community (Incident number 09-373305) even

though no crime was committed.

23.     Jacc's agents, employees, attorneys, and those persons in active concert or

participation including but not limited to Hoff js, Hubbard, Brown, Hodson,

McCandless and Haddy manipulated Bartholomew, Martin, Newman, Pucely and Olson

into discriminating against Rickmyer.

24.     Jacc's agents, employees, attorneys, and those persons in active concert or

participation including but not limited to Hoff js, Hubbard, Brown, Hodson, McCandless,

Haddy, Martin, Bartholomew, Newman, Pucely and Olson by their actions and/or non-

actions created hostile environment as a result my house broken into four times,

vandalism one broken window, freedom of speech and loss of liberty taken away since

July 1, 2009.

25.     As a direct result of jacc's agents, employees, attorneys, and those persons in

active concert or participation including but not limited to Hoff js, Hubbard, Brown,

Hodson, McCandless and Haddy the following Mpls Police officers refused to offer the

same level of services which was offered to Plaintiff before April 1, 2009 which includes

but not limited to Bartholomew refusing to give information on vehicle which hit

Rickmyer on June 2, 2009 (Incident Number 09-166672), Newman and Pucely refused to

file a police report of harassment on Hubbard and others on 6-10-2009 (Incident number

09-176030), Olson making false statements and Martin did not require Bartholomew to

Exhibit A

give info and Newman and Pucely to file police report for harassment.

26.     Jacc's agents, employees, attorneys, and those persons in active concert or

participation including but not limited to Doe 1 and Doe 2 conspired to interfere with

contractual agreement between jacc and CPED by attempting to have Plaintiff

removed from community on 12-8-2009 (Incident number 09-373305) so to prohibit

Rickmyer from filing grievance and request for documents under the Citizen

Participation Program.

27.     Jane Does 1-20 and John Does 3-25 are reserved for those who are identified

through discovery as agents, employees, attorneys, and those persons in active concert or

participation with Hoff, js, Brown, Hubbard, Hodson, Hubbard, McCandless, Haddy, Doe

1, Doe 2, Schooler, Briggs, Martin, Bartholomew, Newman, Pucely and Olson to the acts

complained of in the above entitled case.

28.     Rickmyer on November 10, 2009 filed 3 grievances to jacc under Citizen

Participation Program which is part of contractual agreement between jacc and CPED,

In response On November 15, 2009 Hoff stated on js, **"What's the deal? Why is**

**[Rickmyer] JACC meetings again? Hasn't [Rickmyer] learned his lesson after his**

**last episode of sticking his nose into JACC business."**

29.     Hoff failed to give relevant information which was filed with the Court, the

Memorandums to Lt. Olson, Stenglen, Bennett and 10 letters from various agencies and

individuals in regards to Rickmyer which no correspondence inferred, suggested or stated

Rickmyer was on Public Safety Committee of jacc or any other community group or City

of Mpls on June 20, 2009 which would clarify information already given thereby making

the following statement misleading when Hoff stated on js **"Rickmyer was going**

## Exhibit A

around and claiming to have a position on the JACC Public Safety Committee.",

This lowered Rickmyer's reputation in the community and interfered with contractual

agreements which affected Rickmyer adversely.

29.     Rickmyer at jacc meeting stated "[studies shown up to 25% of black kids in urban

settings like north Mpls are diagnosed with Post Traumatic Stress Disorder ("ptsd") or

have symptoms severe enough to be diagnosed ptsd and a percentage of these kids will

become homicidal and Jacc should work with psychological Departments of North

Memorial, North Point, Hennepin County, Fairview Southdale and University of

Minnesota to help to reduce murders]". In response on April 25, 2009 Hoff stated

"[Brown], Chairman of the [jacc] reports that [Rickmyer was talked to sternly]

about showing up at JACC meetings. [Rickmyer] would frequently get the floor and

talk about topics only loosely connected to neighborhood issues, at one point

actually discussing poor little North Minneapolis children who may have the

symptoms of "post traumatic stress disorder.""

30      Hoff was told in June of 2009 making comments which lower the reputation of

Others, assisting others into lowing the reputation of others and interfering with

contractual agreements is illegal, yet Hoff continued.

31.     Defendants Bartholomew, Martin, Newman, Pucely, Olson, Briggs and jacc is

being sued for prohibitory and mandatory injunctions, not for compensatory damages or

punitive damages however Plaintiff reserves the right to bring a motion to add

compensatory and punitive damages

## COUNT 1

### Defamation

## Exhibit A

Plaintiff re-alleges all information as if fully set forth herein.

32.     As a direct result of defendants Hoff, js, Hubbard, Brown, Hodson, McCandless, Haddy, Schooler, Doe 1, and Doe 2 actions Plaintiff suffered damages in excess of $50,000 to be proven at trial.

## COUNT 2

### Intentional Interference with Contract(s)

Plaintiff re-alleges all information as if fully set forth herein.

33.     As a direct result of defendants Hoff, js, Hubbard, Brown, Hodson, McCandless, Haddy, Doe 1, and Doe 2 actions Plaintiff suffered damages in excess of $50,000 to be proven at trial.

## COUNT 3

### Discrimination

Plaintiff re-alleges all information as if fully set forth herein.

34.     As a direct result of defendants Hoff, js, Hubbard, Brown, Hodson, McCandless, Haddy, Doe 1, and Doe 2 actions Plaintiff suffered damages in excess of $50,000 to be proven at trial.

## COUNT 4

### Harassment

Plaintiff re-alleges all information as if fully set forth herein.

35.     As a direct result of defendants Hoff, js, Hubbard, Brown, Schooler, Hodson, McCandless, Haddy, Doe 1, and Doe 2 actions Plaintiff suffered damages in excess of $50,000 to be proven at trial.

## COUNT 5

Exhibit A

### Loss of Liberty

Plaintiff re-alleges paragraphs 1-as if fully set forth herein.

36.     As a direct result of defendants Hoff, js, Hubbard, Brown, Hodson, McCandless,

Haddy, Doe 1, and Doe 2 actions Plaintiff suffered damages in excess of $50,000 to be

proven at trial.

### COUNT 6

### Loss of Free Speech

Plaintiff re-alleges all information as if fully set forth herein.

37.     As a direct result of defendants Hoff, js, Hubbard, Brown, Hodson, McCandless,

Haddy, Doe 1, and Doe 2 actions Plaintiff suffered damages in excess of $50,000 to be

proven at trial.

### COUNT 7

### Trespassing

Plaintiff re-alleges all information as if fully set forth herein.

38.     As a direct result of defendants Hubbard and Haddy actions Plaintiff suffered

damages in excess of $50,000 to be proven at trial.

### COUNT 8

### Aiding and Abetting

Plaintiff re-alleges all information as if fully set forth herein.

39.     The primary tortfeasors committed a tort(s) that caused injury to Plaintiff and the

other defendants knew that the conduct of the primary tortfeasors was tortuous, and the

other defendants substantially assisted the primary tortfeasors in the achievement of the

tort.

Exhibit A

40.    As a direct result of defendants Hoff, js, Hubbard, Brown, Schooler, Hodson, McCandless, Haddy, Doe 1, and Doe 2 actions, Plaintiff suffered damages in excess of $50,000 to be proven at trial.

**WHEREFORE,** Plaintiff prays for relief in the form of prohibitory and mandatory injunctions against defendants Briggs, jacc, Bartholomew, Martin, Newman, Pucely, Olson and compensatory damages, prohibitory and mandatory injunctions against defendants Hoff, js, Hubbard, Brown, Schooler, Hodson, McCandless, Haddy, Doe 1, and Doe 2 as follows:

1.    Issuing a permanent mandatory injunction instructing Briggs and jacc to create policy and procedures with sufficient discipline so to prohibit their officers, agents, employees and successors from engaging in the illegal practices complained of herein. (Plaintiff reserves the right to bring a motion to add compensatory and punitive damages)

2.    Issuing a permanent mandatory injunction instructing Bartholomew to turn over insurance information of car pedestrian accident on June 2, 2009 Incident number 09-166672, Newman and Pucely to file a police report on Hubbard and others for harassment on 6-10-2009, Incident number 09-176030 and issuing tickets to Hubbard and Haddy for trespassing on Rickmyer's property on May 4, 2009 and Martin to request police officers not to discriminate. (Plaintiff reserves the right to bring a motion to add compensatory and punitive damages)

3.    Issuing a permanent prohibitory injunction against defendants jacc, Briggs, Bartholomew, Hoff, js, Hubbard, Brown, Schooler, Hodson, McCandless, Haddy, Doe 1, Doe 2, Martin, Newman, Pucely, Olson, agents, employees, attorneys, and those persons in active concert or participation with them from engaging in the illegal practices

Exhibit A

complained of herein including but not limited to posting offensive material which includes but not limited to comments, pictures and videos on any website including but not limited to js and order Olson to stop stating Plaintiff represented himself as part of Public Safety Committee of jacc. (Plaintiff reserves the right to bring a motion to add compensatory and punitive damages)

4.      Issuing a permanent mandatory injunction ordering Hoff, Hubbard, Brown, Hodson, McCandless, Haddy, Doe 1 and Doe 2 to remove all offending material including but not limited to written, pictures and videos from websites which they operate posted or forwarded comments, pictures and videos to including but not limited to js.

5.      **Count 1:** Judgment against defendants Hoff, js, Hubbard, Brown, Hodson, McCandless, Schooler, Haddy, Doe 1, and Doe 2 in a reasonable amount in excess of $50,000 including but not limited to compensatory damages. ((Plaintiff reserves the right to bring a motion to add punitive damages)

6.      **Count 2:** Judgment against defendants Hoff, Haddy, Hubbard, Brown, Hodson, McCandless, js, Doe 1, Schooler and Doe 2 in a reasonable amount in excess of $50,000 including but not limited to compensatory damages. (Plaintiff reserves the right to bring a motion to add punitive damages)

7.      **Count 3:** Judgment against defendants Hoff, Haddy, Hubbard, Brown, Hodson, McCandless, js, Doe 1, and Doe 2 in a reasonable amount in excess of $50,000 including but not limited to compensatory damages. ((Plaintiff reserves the right to bring a motion to add punitive damages)

8.      **Count 4:** Judgment against defendants Hoff, Haddy, Hubbard, Brown, Schooler, Hodson, McCandless, js, Doe 1, and Doe 2 in a reasonable amount in excess of $50,000

Exhibit A

including but not limited to compensatory damages. ((Plaintiff reserves the right to bring a motion to add punitive damages)

9.      **Count 5:** Judgment against defendants Hoff, Haddy, Hubbard, Brown, Hodson, McCandless, js, Doe 1, and Doe 2 in a reasonable amount in excess of $50,000 including but not limited to compensatory damages. ((Plaintiff reserves the right to bring a motion to add punitive damages)

10.     **Count 6:** Judgment against defendants Hoff, Haddy, Hubbard, Brown, Hodson, McCandless, js, Doe 1, and Doe 2 in a reasonable amount in excess of $50,000 including but not limited to compensatory damages. ((Plaintiff reserves he right to bring a motion to add punitive damages)

11.     **Count 7:** Judgment against defendants Haddy and Hubbard, in a reasonable amount in excess of $50,000 including but not limited to compensatory damages. ((Plaintiff reserves the right to bring a motion to add punitive damages).

12.     **Count 8:** Judgment against defendants Hoff, Haddy, Hubbard, Brown, Schooler, Hodson, McCandless, js, Doe 1, and Doe 2 in a reasonable amount in excess of $50,000 including but not limited to compensatory damages. ((Plaintiff reserves the right to bring a motion to add punitive damages).

Plaintiff hereby requests a trial by jury on all applicable counts.

The above statements are true and              Sworn before me on 2-17-2010
correct to the best of my knowledge

Peter Rickmyer

KANIKA ASHOK
Notary Public
Minnesota
My Commission Expires Jan. 31, 2014

Notice of Hearing on Motion for Default Judgment against Hoff

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Peter Rickmyer, | Court File: 27-cv-10-3378 |
|         Plaintiff | |
| v. | **Notice of Hearing on Motion for Default** |
| | **Judgment against John Willard Hoff** |
| Robert Hodson, et al, | **(Minn. Stat § 55.8)** |
|         Defendants. | |

### NOTICE OF HEARING ON MOTION FOR DEFAULT JUDGMENTAGAINST JOHN WILLARD HOFF

On *DATE*, at *TIME* before the Honorable Phillip D. Bush, in his Courtroom in the

Hennepin County Government Center, 300 South 6th Street, Minneapolis, Minnesota 55487, the

Plaintiff Peter Rickmyer in this action will move for an order for default judgment for the relief

demanded in the complaint, which motion is attached.

Dated: February 6, 2013

Peter Rickmyer
2118 25th Avenue North
Minneapolis, Minnesota 55411
(612) 516-2853

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Peter Rickmyer,
          Plaintiff

v.

Robert Hodson, et al,
          Defendants.

Court File: 27-cv-10-3378

**Motion for Default Judgment
against John Willard Hoff
(Minn. Stat § 55.9)**

## MOTION FOR DEFAULT JUDGMENT AGAINST JOHN WILLARD HOFF

Plaintiff Peter Rickmyer moves the Court for a default judgment in this action against the defendant John Willard Hoff ("Hoff", "him", "he").

The Affidavit for Publication of summons were served on the defendant John Willard Hoff via U.s. Mail on May 10, 2010 and Propriety and completion of service by publication were served on the defendant John Willard Hoff via U.s. Mail on June 1, 2010 and the summons and complaint were served on Hoff March 2, 2011, more than 20 days have passed since that day, and Hoff has failed to answer or defend as to the plaintiff Peter Rickmyer's ("Rickmyer", "I", "me") complaint, or serve a copy of any answer or defense. Hoff has made appearances via ex-parte letters which had legal arguments and pleadings and his attorney Paul Godfread made a limited appearance.

Defendant John Willard Hoff is not in the military service and is not an infant or incompetent as appears in the affidavit of Peter Rickmyer attached as Exhibit A.

I request this court to make and enter a judgment that Hoff owes me $315.00 a day for restraints against my liberty and $945.00 a day for liberty restrained for punitive damages.

February 6, 2013

Peter Rickmyer

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Peter Rickmyer,
        Plaintiff

v.

Robert Hodson, et al,
        Defendants.

Court File: 27-cv-10-3378

**Affidavit in Support of Entry
of Default Judgment against
John Willard Hoff
(Minn. Stat § 55.10)**

### Affidavit of Peter Richard Rickmyer

STATE OF MINNESOTA  )
                    ) ss.
COUNTY OF HENNEPIN )

1. Affiant Peter Richard Rickmyer states that he is the Plaintiff in this case.

2. Plaintiff served affidavit for publication of summons on May 10, 2010, filed the Complaint with Court on May 11, 2010, Propriety and completion of service by publication on June 1, 2010 via US Mail and summons and complaint on March 2, 2011 on the defendant John Willard Hoff.

3. More than 20 days have elapsed since the date defendant John Willard Hoff was served by publication and summons and complaint, excluding the date of service.

4. Defendant John Willard Hoff has failed to answer or otherwise defend the plaintiff's complaint or serve a copy of any answer or other defense upon plaintiff Rickmyer.

5. Defendant is not in military service and is not an infant or incompetent.

6. The amount due the defendant John Willard Hoff to the plaintiff Peter Richard Rickmyer by the defendant John Willard Hoff is $315.00 each day for liberty was and is restrained and $945.00 in punitive damages for each day for liberty was and is restrained

7. The defendant John Willard Hoff owes this amount to the plaintiff Peter Richard Rickmyer because defendant John Willard Hoff intentionally violating plaintiff Peter Richard Rickmyer's constitutional rights which enabled him to orchestrate my false arrest, cruel and unusual treatment, thereby having my liberty restrained;

    a. First Amendment: Freedom of association, speech, access to courts,
    b. Fourth Amendment: False arrest, to be from excessive force, failure to protect.
    c. Fifth Amendment: Right to council, due process

    d.  Right to confront, right to council
    e.  Seventh Amendment: Right to jury.
    f.  Eighth Amendment: Refusal to set bail.
    g.  Fourteenth Amendment: Due Process, equal protection.

8. Defendant John Willard Hoff harassed HDOC Parole Agent Bobbie C. Jones because she said no to violating plaintiff Peter Richard Rickmyer's constitutional rights in November of 2009 till March of 2011 when Agent Jones resigned from my case fearing for her families safety because of defendant John Willard Hoff's actions in March of 2010 towards Agent Jones.

9. Defendant John Willard Hoff conspired with ("meeting of the minds") HCDOC Parole Agent William McDonald defendants Michael (Kip) Browne and others to restrict my speech, access to courts restrain my liberty, falsely arrest me, right to council, due process and equal protection. By having William McDonald arrest me on parole violations and not being honest in administrative hearings so to obtain convictions so to either have my liberty restrained by having me incarcerated or house arrest and or curfew.

10. The amount does not exceed the amount demanded in the complaint.

11. This amount is for the payment of money only.

12. Plaintiff Peter Richard Rickmyer completes this affidavit pursuant to Minn. R. Civ. P. 55.01 for the purpose of enabling plaintiff Peter Richard Rickmyer to obtain a default judgment against the defendant for failure to plead or otherwise defend within the time allowed for such response.

**FURTHER AFFIANT SAYETH NAUGHT**

Subscribed and sworn to before me
This 6th day of February, 2013

_____
Peter Rickmyer

_____
Notary Public



PHILLIP C JOHNSON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/15

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                     FOURTH JUDICIAL DISTRICT

Peter Rickmyer,                        Court File: 27-cv-10-3378
        Plaintiff

v.                                     **Memorandum of Law in Support
                                       of Motion for Default Judgment
                                       against John Willard Hoff**

Robert Hodson, et al,
        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT AGAINST HOFF

### Statute of Limitations is Three Years

### (Minn. Stat § 60.22)

Rule 60 limits the time of a motion based upon fraud to one year after the judgment,

order or proceeding has been entered or taken. Minn. Stat §548.14 allows a motion to set aside a

judgment for extrinsic fraud brought within three years after discovery of the fraud. This statute

supersedes Rule 60 and provides an additional two years for situations involving extrinsic fraud.

This statutory provision continues the distinction between extrinsic fraud and intrinsic fraud,

which distinction will be meaningful if more than one year has elapsed from the time of the entry

of the judgment. Rule 60 also recognizes no time limits for an independent action based upon a

judgment obtained by fraud upon the court. *See* § 60.27.

### There is significant evidence of fraud on the Court

Rule 60.02(c) contemplates two distinct types of fraud; fraud by an adverse party and fraud on

the court. *Clements lumber, Inc. v. DeMartini, 2009* Minn. App. Unpublished. LEXIS 852, n. 1

[Minn. Ct. App. 2009). Fraud on the court exists where a party's malfeasance either abuses the

court's processes or misleads the court a to a dispute's material circumstances. *Halloran v. Blue

and White Liberty Cab Co.,* 253 Minn. 436, 442, 92 N.W.2d 794, 798 (1958). The judgment

should be vacated "[w]here a court is misled as to material circumstances, or its process is abused, resulting in the rendition of a judgment which would not have been given if the whole conduct of the case had been fair ***." *Matter of Welfare of C.R.B.*, 384 N.W.2d 576, 579 (Minn. CT. App. 1986), *pet. For rev. denied* (Minn. May 29, 1986). The misconduct required by Rule 60.02© must effect the ultimate issue of the case. *Turner v. Suggs*, 653 N.W.2d 458, 466 (Minn. Ct. App. 2002). The United States Court of Appeals for the Eighth Circuit has characterized fraud on the court as "a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting [their] case ***." *Pfizer, Inc. v. International Rectifier Corp.*, 538 F.2d 180, 195 (8th Cir. 1976) (citing, *inter alia, Kupferman v. consolidated Research & Mfg. Corp.*, 459 F.2d 1072, 1078 (2d Cir. 1972); *England v. Doyle*, 281 F.2d 304, 309 (9th Cir. 1960).

A finding of fraud on the court and the administration of justice must be made under the peculiar facts of each case. *Lindsey v. Lindsey*, 388 N.W.2d 713, 716 (Minn. 1986).

William McDonald, A Hennepin County Department of Corrections employee on behalf of Hoff met with Judge Blaeser ex-parte in 27-cv-10-3378 and requested (ex-parte motion) to rule summons was not valid and received a verbal ex-parte order summons was invalid.

Federal courts have recognized the inherent power to vacate a judgment that has been obtained by fraud upon them. Universal Oil Prods. Co. v. Root Ref. Co., 328 U.S. 575, 66 S.Ct. 1176, 90 L.Ed. 1447 91946). State courts as well have the inherent power to supervise their own processes. *See* Johnson v. St. Paul Ins. Co., 305N.W.2d 571 (Minn. 1981). Rule 60.02 recognizes this power and does not set any time limits on when judgments for fraud upon the court may be set aside.

Fraud upon the court differs from extrinsic or intrinsic fraud. "Fraud upon the court" is

fraud connected with the presentation of a case to the court, and differs from "intrinsic or extrinsic" fraud envisioned by this rule allowing for relief from judgment on grounds of fraud. Angier v. Angier, 415 N.W.2d 53 (Minn. Ct. App. 1987). Federal Courts have defined fraud upon the court as conduct which defiles the court itself or in which court officers conduct themselves in a way as to impair judicial machinery and prevent an impartial adjudication. Serzysko v. Chase Manhattan Bank, 461 F.2d 699 (2d Cir. 1972). Other courts have defined this type of fraud as an unconscionable plan or scheme to improperly influence the court in its decision.  England v. Doyle, 281 F.2d 304 (9th Cir. 1960).

Any fraud connected with the presentation of a case to a court is a fraud upon the court in a broad sense. This cannot be the sense in which the term is used in the final clause of Rule 60.02. The remedy for most cases of fraud will fall within clause (c) of Rule 60.02 providing remedies for extrinsic or intrinsic fraud. Fraud upon the court means more and requires some egregious conduct involving some integral aspect of the **judicial process** or a judicial officer. Lockwood v. Bowles, 46 F.R.D. 625 (D.D.C. 1969). The concept clearly includes bribery of a judge or the employment of counsel in order to bring an improper influence of the court. Root Ref. Co. v. Universal Oil Prods. Co. , 169 F.2d 514 (3d Cir. 1948). Cases of perjured evidence probably do not fall within fraud upon the court unless they **directly involve an attorney** or judicial officer. *See* H.K. Porter Co. v. Goodyear Tire & Rubber Co., 536 F.2d 1115 (1976).

Hoff (certainly his attorney Paul Godfread) knew he needed to answer the summons and complaint which was served upon him on March 2, 2011 and confirmed that knowledge in a ex-parte letter dated March of 2011 (filed on March 14, 2011 at 4:04 pm) which he stated;

"In response to a recent flurry of purported legal paper from Rickmyer, I have been informed by **my attorney**, Paul Godfread, that I am not required to file any answer in regard to alleged lawsuits pushed in my direction by Rickmyer, per the words of Your Honor.
However, if I'm going to forgo giving any answer to Rickmyer's purported filings then I prefer

to have Your Honor's word about that in writing. Otherwise, I believe I could be put at a severe legal disadvantage by failing to make any response. (For the record, I have not conceded jurisdiction in regard to Rickmyer's apparent attempts to serve me".

Hoff made filed 4 letters ex-parte which are dated April 1, 2010, May 3, 2010, March of 2011 filed on March 14, 2011 and March 22, 2011 which had legal arguments and or pleadings and therefore Hoff made in appearance and under jurisdiction of this Court.

An appearance usually involves some presentation or submission to the court. A party appears by service or by filing of any paper in a proceeding. In Howard v. Frondell, 387 N.W.2d 205 (Minn. Ct. App. 1986), the court of appeals stated that an appearance occurs when a party serves or files any paper in the case as stated in Minn. R. Civ. P. 5.01. An appearance may be made by a party or by an attorney representing a party.

### There is significant evidence John Willard Hoff does not qualify for immunity under First Amendment Freedom of the Press

*In re Special forces Ministries, et al., Respondents, vs. WCCO Television, a subsidiary of CBS Inc., et al., 584 N.W.2d 789 (Minn. 1998).* Appellants argue that respondents cannot prove fraud because Jonson had not duty to disclose that she worked for WCCO. [HN7] Fraud requires an affirmative misrepresentation, and a person generally has no duty to disclose material facts. *L & H Airco, Inc. v. Rapistan Corp., 446 N.W.2d 372, 380 (Minn. 1989).* However a duty is imposed when disclosure is necessary to clarify information already disclosed which would otherwise be misleading." *Id,; see also M.H. v. Caritas Family Servs., 488N.W.2d 282, 288 (Minn. 1992)* failure of adoption agency to reveal child's complete genetic background to prospective parents held actionable.

Defendant John Willard Hoff as a reporter intentionally with malice was untruthful, dishonest, misrepresented facts on his internet website by stating  Plaintiff Peter Rickmyer had filed ""… incredible, rambling, gibberish filled **96 page** so-called lawsuit …"

(Hoff knew it the complaint was 17 pages or fewer) for the purposes of manipulating people to call and complain about Rickmyer's rambling, gibberish filled 96 page so-called lawsuit to Minnesota Department of Corrections ("MDOC"), Hennepin County Department of Corrections ("HDOC") and HDOC Parole Agent Jones so to interfere with written and verbal contracts between MDOC, HDOC and either restrict or take away Plaintiff Peter Rickmyer's right of association, speech, access to courts, council, due process, jury trial, equal protection and to facilitate false arrest and cruel and unusual punishment.

Notice of Motion and Motion to Vacate May 17, 2010 Order

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

Peter Rickmyer,                                  Court File: 27-cv-10-3378
           Plaintiff

v.                                               **Notice of Motion to Vacate**
                                                 **May 17, 2010 Order**
Robert Hodson, et al,                            **(Minn. Stat § 60.04)**
           Defendants.

---

### NOTICE OF MOTION TO VACATE MAY 17, 2010 ORDER

On *DATE*, at *TIME* before the Honorable Phillip D. Bush, in his Courtroom in the

Hennepin County Government Center, 300 South 6th Street, Minneapolis, Minnesota 55487, the

Plaintiff Peter Rickmyer in this action will move for an order to Vacate the May 17, 2010 Order

dismissing defendants, which motion is attached.

Dated: February 6, 2013

Peter Rickmyer
2118 25th Avenue North
Minneapolis, Minnesota 55411
(612) 516-2853

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Peter Rickmyer,<br>　　　　　Plaintiff | Court File: 27-cv-10-3378 |
| v. | **Motion to Vacate**<br>**May 17, 2010 Order** |
| Robert Hodson, et al,<br>　　　　　Defendants. | **(Minn. Stat § 60.04)** |

### MOTION TO VACATE MAY 17, 2010 ORDER

Plaintiff Peter Rickmyer moves this court for an order pursuant to Minnesota Rule 60.02

to vacate the Order dated May 17, 2010 on the ground that: Minnesota Rule of Civil Procedure

60.02 provides basis to vacate May 17, 2010 Order, are;

a. Surprise,
b. Newly discovered evidence which by due diligence could not have been discovered in time, to move for a new trial pursuant to rule 59.03;
c. Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party [this includes both fraud by an adverse party and fraud on the court];
d. The judgment is void
e. The judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
f. Any other reason justifying relief from the operation of the judgment.

This Motion is Based upon the file and record of this case, Memorandum of Law and

affidavit of merit by Peter Rickmyer.


Dated: February 6, 2013

Peter Rickmyer
2118 25th Avenue North
Minneapolis, Minnesota 55411
(612) 516-2853

STATE OF MINNESOTA

DISTRICT COURT

COUNTY OF HENNEPIN

FOURTH JUDICIAL DISTRICT

Peter Rickmyer,
          Plaintiff

v.

Robert Hodson, et al,
          Defendants.

Court File: 27-cv-10-3378

**Affidavit of Merit of Peter Rickmyer in Support of Motion to Vacate May 17, 2010 Order (Minn. Stat § 60.08)**

### AFFIDAVIT OF PETER RICKMYER IN SUPPORT OF MOTION TO VACATE MAY 17, 2010 ORDER

Peter Rickmyer, being duly sworn under oath, states:

1. Affiant is Peter Rickmyer.

2. Peter Rickmyer is the Plaintiff bringing a motion to vacate in this case.

3. Peter Rickmyer submits this affidavit of Merit in support of the motion to vacate.

4. Defendant Michael (KIP) Browne ("Browne") in 2009, 2010 and 2011 had leadership roles in Jordan Area Community Council ("JACC") which included but not limited to Chair, Vice Chair and continues to have close ties with JACC.

5. JACC owns rental property at 2539 Irving Avenue North and is landlord.

6. Hennepin County Department of Corrections ("HDOC") rents 2539 Irving Avenue North and is tenant of JACC.

7. Browne requested JACC's tenant HDOC and received communication on April 1, 2010 HDOC was honoring Browne's request by stating the following; "Mr. Rickmyer must cease filing of any new motion, briefs, or law suits until after the JACC motion is heard by Judge Blaeser on April 20, …"

**FURTHER AFFIANT SAYETH NAUGHT**

Subscribed and sworn to before me
This 6th day of February, 2013

Peter Rickmyer

PHILLIP C JOHNSON
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/15

Notary Public

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                                   FOURTH JUDICIAL DISTRICT

Peter Rickmyer,                                     Court File: 27-cv-10-3378
                    Plaintiff

v.                                                  **Memorandum of Law in Support
                                                    of Motion to Vacate May 17, 2010
                                                    Order**
Robert Hodson, et al,
                    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VACATE MAY 17, 2010 ORDER**

**<u>Statute of Limitations is Three Years</u>**

**(Minn. Stat § 60.22)**

Rule 60 limits the time of a motion based upon fraud to one year after the judgment,

order or proceeding has been entered or taken. Minn. Stat §548.14 allows a motion to set aside a

judgment for extrinsic fraud brought within three years after discovery of the fraud. This statute

supersedes Rule 60 and provides an additional two years for situations involving extrinsic fraud.

This statutory provision continues the distinction between extrinsic fraud and intrinsic fraud,

which distinction will be meaningful if more than one year has elapsed from the time of the entry

of the judgment. Rule 60 also recognizes no time limits for an independent action based upon a

judgment obtained by fraud upon the court. *See* § 60.27.

**<u>There is significant evidence of fraud on the Court</u>**

**(Minn. Stat § 60.28)**

Federal courts have recognized the inherent power to vacate a judgment that has been

obtained by fraud upon them. Universal Oil Prods. Co. v. Root Ref. Co., 328 U.S. 575, 66 S.Ct.

1176, 90 L.Ed. 1447 91946). State courts as well have the inherent power to supervise their own

processes. *See* Johnson v. St. Paul Ins. Co., 305N.W.2d 571 (Minn. 1981). Rule 60.02

recognizes this power and does not set any time limits on when judgments for fraud upon the court may be set aside.

Fraud upon the court differs from extrinsic or intrinsic fraud. "Fraud upon the court" is fraud connected with the presentation of a case to the court, and differs from "intrinsic or extrinsic" fraud envisioned by this rule allowing for relief from judgment on grounds of fraud. Angier v. Angier, 415 N.W.2d 53 (Minn. Ct. App. 1987). Federal Courts have defined fraud upon the court as conduct which defiles the court itself or in which court officers conduct themselves in a way as to impair judicial machinery and prevent an impartial adjudication. Serzysko v. Chase Manhattan Bank, 461 F.2d 699 (2d Cir. 1972). Other courts have defined this type of fraud as an unconscionable plan or scheme to improperly influence the court in its decision.  England v. Doyle, 281 F.2d 304 (9th Cir. 1960).

Any fraud connected with the presentation of a case to a court is a fraud upon the court in a broad sense. This cannot be the sense in which the term is used in the final clause of Rule 60.02. The remedy for most cases of fraud will fall within clause (c) of Rule 60.02 providing remedies for extrinsic or intrinsic fraud. Fraud upon the court means more and requires some egregious conduct involving some integral aspect of the **judicial process** or a judicial officer. Lockwood v. Bowles, 46 F.R.D. 625 (D.D.C. 1969). The concept clearly includes bribery of a judge or the employment of counsel in order to bring an improper influence of the court. Root Ref. Co. v. Universal Oil Prods. Co. , 169 F.2d 514 (3d Cir. 1948). Cases of perjured evidence probably do not fall within fraud upon the court unless they **directly involve an attorney** or judicial officer. See H.K. Porter Co. v. Goodyear Tire & Rubber Co., 536 F.2d 1115 (1976).

Defendant Browne requested HDOC to prohibit Plaintiff Rickmyer from filing an amended complaint **without** informing the court and or plaintiff Rickmyer of the request and on

April 1, 2010 received communication from JACC's tenant HDOC, which stated in part; ""Mr.

Rickmyer must cease filing of any new motion, briefs, or law suits until after the JACC motion is

heard by Judge Blaeser on April 20 ..."  and failed to inform the court or plaintiff that HDOC

honored Browne's request, as a result plaintiff Rickmyer was prevented by HDOC at the request

of Browne to correct the deficiencies in the complaint by denying Plaintiff Rickmyer to amend

the complaint to survive summary Judgment motion on April 20, 2010.

Affidavit and Petition for Harassment Restraining Order

**State of Minnesota**

| County of Hennepin | FILED | **District Court** |
|---|---|---|
| | 2010 JAN 14 AM 9: 37 | Judicial District:    4th District |
| | BY *Tom Seliandon* | Court File Number: 27 CV 10-763 |
| | HENN. CO. DISTRICT COURT ADMINISTRATOR | Case Type:    Harassment |

**Petitioner's Affidavit and Petition for Harassment Restraining Order (Minn. Stat. §609.748)**

**Petitioner**

| Name: Lisa Ann  Emery |
|---|
| Address: 2226 Bryant Ave N , |
| Minneapolis, MN 55411 — 2633 |
| Date of Birth: 09/24/63 |
| On behalf of: (names of minor children who are victims of harassment and their dates of birth) |
| Name: _____ |
| _____, DOB: |

vs.

**Respondent**

(Person harassing you or your minor child) :

| Name: John Willard  Hoff |
|---|
| Address: 2226 Bryant Ave N   2633 |
| Minneapolis, MN 55411 |
| Date of Birth: 42 years old |
| (if known, or approximate age) |

STATE OF MINNESOTA                    )
COUNTY OF  HENNEPIN ) ss
        (COUNTY WHERE AFFIDAVIT IS SIGNED)

I understand that I am under oath/affirmation and I must tell the truth.  I state that:

1. I am the Petitioner in this case.  The victim of the harassment is [X]me []a minor child for whom I am the parent, legal guardian or stepparent.  (If you are the guardian, attach a copy of the order appointing you.)
        The name of each victim, other than me, is:  How does each victim know the Respondent and what is their relationship?

    <u>Lisa Ann Emery and Respondent are: Other: Landlord</u> If you are filing on behalf of another person, what is your relationship to each victim?

2. How many restraining orders have been in effect, ordering Respondent to stay away from the victims you included at #1 above? [X] none [] one [] two or more.  For each restraining order provide:

| Court File Number, if known | County and State where the court is located |
|---|---|
| NA | NA |

3. The following court cases involve me and the Respondent in issues of child custody or parenting time:

| Court File Number | County and State where the court is located |
|---|---|
| NA | NA |

4. Respondent has harassed the victim(s) as follows:
   - Check all boxes that apply and give the date and details of each incident.
   - To get a Restraining order, you must describe actions that meet the legal definition of harassment in Minnesota. See the Instructions for the definition of harassment.
   - One incident of physical or sexual assault can meet the definition of harassment. For any other act, there must be more than one incident.
   - If you need more space, attach a full sheet of paper and continue your description there. Do not write on the back.

   [] Respondent physically or sexually assaulted the victim as follows:

   [] Respondent has followed, pursued or stalked the victim as follows:

   [] Respondent made uninvited visits to the victim as follows:

   [] Respondent made harassing phone calls to the victim as follows:

   [X] Respondent made threats to the victim as follows:

   On 1.11.10 - creates new lease agreement demanding more money

   On 1.10.10 - demands $86.28. when I say 'no' and the harassment needs to stop, he explodes into my room threatening that he will enter every hour.  I am afraid for my safety.

   On 1.4.10 - demands $40 above rent.

   Various dates for past several months - every demand for money and noncompliance with always changing house rules are accompanied with the threat of eviction.

   [X] Respondent frightened the victim with threatening behavior as follows:

   On 1.4.10 - I never know when he will evict me.

   On 1.10.10 - I never know when he will evict me, or if the locks will be changed when I get off work, or if he will steal my belongings.

   On 1.10.11 - When John explodes into my room threatening my personal safety and that he will continue to do so every hour.

   [X] Respondent broke into and entered the victim's residence as follows:

   On continuous - He enters my room when I am not there and takes small ticket items on his whim.  This has been going on for several months.

   On 1.10.11 - John explodes into my room threatening me that he will do this every hour.

   [] Respondent damaged the victim's property as follows:

[X]        Respondent stole property from the victim as follows:

On continuous - John goes into my room taking small ticket items on whim on a regular basis for several months.

[]   Respondent took pictures of the victim without permission as follows:

[X] More than once, Respondent has done acts that meet the legal definition of "targeted residential picketing" by:

On various - he will go through my closet and empty pill bottles, take personal hygiene items, food, office supplies, etc

[]   I told Respondent not to come to certain public events that I or the children attend because:

_____

After that, Respondent attended public events I/we attended: (List dates, places and name of events)

_____  These acts by Respondent show a pattern of attending public events while knowing that attending is harassing to me/children.

[X] Other: he screams at me when he and his girlfriend are fighting.  Whenever he has stress, he explodes at me for some very minor detail.  currently his anger has been escalated and he lacks self-control.  He has left bruises on his son.

5. Describe the effect the harassment has upon the victim's safety, security or privacy:
My stress is greatly escalated.  I do not feel physically safe, cannot sleep, I am considerably more tired.  My stomach is always queasy.  This issue is distracting me from my other personal issues.  I am not secure about with my living arrangements and John violates my privacy on his whim.

6. Do you believe the harassment will continue?  Yes  Why?

because it is escalating in severity.  He is very, very desperate for money.

7. I ask the Court to issue a Restraining Order as follows: *Check all boxes (a through e) that apply.*

[X] a.  Respondent shall not harass  [X]me  []minor child(ren) for whom I am the parent, legal guardian, or stepparent. List the full names of the minor children included in this Petition: .

[X] b.  Respondent shall have no contact with    [X]me      []the minor child(ren) listed above.

[] c.  Respondent shall stay away from where I/we live (address) Confidential. ·  [X] d. Respondent shall stay away from my/the victim's job site located at Wells Fargo, 1000 Blue Gentian Rd, Eagan; MN 55121.

[X] e. Other: I would like for him to stay out of my room and leave the heat setting alone until my mortgage papers are clear and I can move out.

8. **Court Hearing**

*Petitioner: Read these Notices about a Hearing*
- *You have a right to request a court hearing.*
- *If the Judge dismisses your case because it has no merit, no hearing will be held.*
- *The Judge can issue a Restraining Order <u>without</u> a court hearing if the Judge finds there is immediate and present danger of harassment.*
- *If the Judge issues a Restraining Order without a hearing, the Respondent can request a hearing within 45 days of receiving the Restraining Order. If Respondent requests a hearing, the court will notify you by mail at least five days before the hearing date.*
- *If there is a hearing, you must attend the hearing and prove that the statements in your Petition & Affidavit are true, and that Respondent's actions are harassment, as defined by Minnesota law.*

*Choose a. or b.*

[X]a. I am not requesting a court hearing at this time.
But if the court denies my request for a restraining order because the court finds there is no immediate and present danger of harassment, then (check one) [X] <u>I want</u> [] <u>I don't want a court hearing.</u>

OR

[]b. I am requesting a court hearing.

9. I request a Restraining Order for a length of:

[X] 2 years
[] Until the following date: _____, which is less than 2 years from today.
[] Up to 50 years because:

[ _____ ] I have two or more prior restraining orders against Respondent (listed at #2 above.)

[ _____ ] Respondent has violated a prior or existing restraining order between us on two or more occasions.

**I understand the court will likely schedule a court hearing for any request over 2 years.**

Dated: _1.12.09 10_____

Signature (sign only in front of notary public or court administrator.)
Name: Lisa Ann Emery
Address: 2226 Bryant ave n
City/State/Zip: Minneapolis, MN 55411
Telephone: (612) 209-7319

Subscribed and sworn to before me

Date: 12TH JANUARY, 2010

_____
Notary Public \ Deputy Court Administrator

DEPUTY COURT ADMINISTRATOR
HENNEPIN COUNTY, MINNESOTA

*Notice: If your address or telephone changes, you must give Court Administration your new information right away, in writing.*

Order on Petition for Harassment Restraining Order

FILED

**State of Minnesota**

2010 JAN 14  AM 9: 37

*Tom Helicke*

County of Hennepin

BY _____
HENN. CO. DISTRICT
COURT ADMINISTRATOR

**District Cour**

Judicial District:     4th District

Court File Number:

Case Type:     Harassment

Lisa Ann Emery
Petitioner

**Order on Petition for**
**Harassment Restraining Order**
(Minn. Stat. §609.748)

27 CV /6 - 7/3

vs.

John Willard Hoff
Respondent

**Based upon Petitioner's Affidavit and Petition for a Harassment Restraining Order and other information provided to the Court, THE COURT FINDS:**

☐  The petition has no merit and the matter should be dismissed.

There ☐ is  ☐ is not  an immediate and present danger of harassment to justify temporary relief.

☑  There are reasonable grounds to believe that Respondent has harassed Petitioner (or minor children included in the petition) as follows:

    ☐ Physically or sexually assaulted the Petitioner;
    ☐ Followed, pursued or stalked the Petitioner;
    ☑ Made uninvited visits to the Petitioner;
    ☐ Made harassing phone calls to the Petitioner;
    ☑ Made threats to the Petitioner;
    ☑ Frightened Petitioner with threatening behavior;
    ☐ Broke into and entered the Petitioner's residence;
    ☐ Damaged the Petitioner's property;
    ☑ Stole property from the Petitioner;
    ☐ Took pictures of the Petitioner without permission of the Petitioner;
    ☐ Did acts repeatedly that meet the legal definition of "targeted residential picketing";
    ☐ Pattern of attending public events after being notified that Respondent's presence at the events is harassing to Petitioner;
    ☐ Other: _____

☑  The harassment has or is intended to have a substantial adverse effect on Petitioner's safety, security, or privacy.

☐ Petitioner requested a court hearing.

**IT IS ORDERED:**

1. ☐ **The case is dismissed** because the Petition lacks merit.

2. ☐ **The request for temporary relief is denied** because the petition fails to allege an immediate and present danger of harassment.

3. ☑ **The request for temporary relief is granted** and:

    ☑ Respondent shall not harass ☑ Petitioner ☐ Petitioner's minor child/ren or ward(s).

    The minor child/ren or wards included in this Petition are:

    ☑ Respondent shall have no contact with ☑ Petitioner ☐ Petitioner's minor child/ren or ward(s). *Contact in writing from Respondent to Petitioner shall not violate this prohibition, if contact is in writing and left in the place designated for Petitioner's mail.*

    ☑ ~~Respondent shall stay away from Petitioner's home at:~~

    ☑ Respondent shall stay away from Petitioner's job site at: <u>Wells Fargo, 1000 Blue Gentian Rd, Eagan, MN 55121.</u>

    ☑ Other: ~~I would like for him to stay out of my room and leave the heat setting alone.~~ *Respondent shall not enter Petitioner's room under any circumstances except to do landlord maintenance and then*

**NOTICE**

The following conduct is a violation of this order if an Order For Relief is granted: Any contact with the protected person(s), direct or indirect, any visits to or phone calls to the protected person(s), threats or assaultive behavior to the protected person(s), damaging or stealing property belonging to the protected person(s), breaking into and entering the Petitioner's or minor child's residence, taking pictures of a protected person without permission of the Petitioner, and _____

*only with 48 hrs written notice*

_____

4. ☑ This Restraining Order is in effect until <u>January 12, 2012</u> unless changed by a later court order. Respondent can ask the court to change or vacate the Restraining Order by filing a *Request for Hearing* within 45 days of the date of this Order.

5. ☐ **A hearing will be held on** (date)_____at_____ _____.m at (address)_____. The hearing is scheduled because: ☐ Petitioner requested a hearing ☐ Petitioner requested a restraining order for longer than 2 years and the court wants more information about the need for a longer restraining order.

    ☐ Other_____

**Respondent shall appear personally in Court for the hearing and explain why the requests made in the Petition should not be granted. Petitioner shall appear personally in Court for the**

hearing and provide proof that the statements in the Petition are true and that Respondent's actions are harassment.

6. The Court Administrator shall send a copy of this Order to the following law enforcement agencies: Hennepin County Sheriff's Department and Minneapolis Police Department which have authority over the residence of the Petitioner(s). **Every police department and sheriff's office in Minnesota is responsible for enforcing this order.**

7. If respondent is an organization, this order ☐shall   ☐shall not   apply to all members of the organization.

8. Other: _____

_____

9. The sheriff of any county in this state shall perform the duties relating to service of this Order without charge to the petitioner.

10. It is not a violation of this order if the parties pursue or participate in voluntary mediation through court approved mediation programs. The party wanting to mediate must contact the mediation program directly to arrange it. He/she may not contact the other party directly or through friends or relatives. The mediation programs will determine if mediation is acceptable under Minnesota mediation guidelines (MN Stat 494.03 and MN Rule of Court, General Rules of Practice, Rule 114.)

## Notices

If a hearing is scheduled and respondent does not attend the hearing, a Harassment Restraining Order may be granted. Failure of respondent to appear **WILL NOT** be a defense to criminal charges against respondent for violation of any part of this Order. If petitioner does not attend the hearing this case may be dismissed.

A police officer shall arrest respondent without warrant and take her/him to jail if a police officer believes that respondent has violated this Restraining Order, and shall hold respondent in jail for at least 36 hours, excluding the day of arrest, Sundays, and legal holidays, unless the respondent is released earlier by a judge or judicial officer.

Violation of this Restraining Order may be treated as a misdemeanor, gross misdemeanor, or felony. A misdemeanor violation may result in a sentence of up to 90 days in jail and/or a $1000.00 fine. Some repeat violations are gross misdemeanors and may result in a sentence of up to one year in jail and/or a $3,000.00 fine. Other violations are felonies and may result in a sentence of imprisonment for up to five years and/or a $10,000 fine. A person who engages in a pattern of harassing conduct is guilty of a felony and may be sentenced to imprisonment for up to ten years and/or a fine of $20,000.00.

Dated:_____

_Patricia L. Belois_
Judge of District Court

PATRICIA L. BELOIS
Judge of District Court

JAN 1 2 2010

### Representation to the Court

(1) This lawsuit is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) The claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

March 11, 2013

Peter Rickmyer

28