# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter Rickmyer,<br><br>                           Plaintiff,<br>v.<br><br>Defendants Michael (Kip) Browne, Megan Goodmundson, Dan Rother, Robert Hodson, John George Hubbard II, Dave Haddy, Ann McCandless, in their individual capacities and in their official capacity with Jordan Area Community Council, Inc.,<br><br>Defendants David Schooler, John Willard Hoff and William McDonald in their individual capacities and Jordan Area Community Council, Inc., John Does 1-5,<br><br>                        Defendant(s). | **DEFENDANT WILLIAM MCDONALD'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case Number:  13-CV-00559 SRN/SER |

Defendant, William McDonald ("McDonald"), for his Answer to Plaintiff's Second Amended Complaint denies each and every allegation in the Second Amended Complaint except as expressly admitted, qualified or otherwise explained.

## AFFIDAVIT OF COMPLAINT

1. As to the allegations in the first paragraph under Affidavit of Complaint, states that no responsive pleading is required.

2. As to the allegations in the second paragraph under Affidavit of Complaint, admits the Complaint and Amended Complaint was not served on McDonald, but denies that the

Second Amended Complaint was served on "today's date" and qualifies that McDonald was not personally served until Monday, May 20, 2013.

## INTRODUCTION

3. The allegations in the two paragraphs under Introduction are not addressed to defendant McDonald and, therefore, defendant McDonald is without sufficient information to admit or deny those allegations and therefore denies the allegations and puts plaintiff to his strict proof thereof.

## PARTIES

4. As to the allegations in paragraph 1 under Parties, admits plaintiff is an individual who resides in Hennepin County and qualifies that he is or has been under the supervision of the Hennepin County Department of Corrections and Rehabilitation, Supervised Release Unit and Intensive Supervised Release Unit. With respect to the remaining allegations in paragraph one, is without sufficient information to admit or deny those allegations, therefore, denies the allegations and puts plaintiff to his strict proof thereof.

5. The allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 9 and 9(a) are not addressed to defendant McDonald and, therefore, defendant McDonald is without sufficient information to admit or deny the allegations and, therefore, denies the allegations and puts plaintiff to his strict proof thereof.

6. As to the allegations in paragraph 8, denies that defendant McDonald works for HDOC but qualifies that McDonald works for the Hennepin County Department of

Community Corrections and Rehabilitation as a Supervised Release Agent and in that capacity has supervised plaintiff.

## JURISDICTION

7. As to the allegation in paragraph 10, admits that pursuant to 28 U.S.C. §1331, this Court has jurisdiction over claims arising under 42 U.S.C. §1983, §1985, §1986 and §12203, but denies the remaining allegations in paragraph 10.

## FACTUAL STATEMENT

8. The allegations in paragraph 11, 12, 14-20, 21, 25-26, 28-77, 83-84, 86, 91, 97, 101-104, 106-108, 111, 113, 118-122, 124-129, 131-138, 140-150, are not specifically addressed to nor pertain to defendant McDonald, therefore, defendant McDonald, is without sufficient information to admit or deny those allegations and, therefore, denies the allegations and puts plaintiff to his strict proof thereof.

9. Denies the allegations in paragraphs 13, 22-24, 27, 78, 87, 89, 94, 96, 98, 99, 100, 105, 114-117, 123, 130, 139, 151, 152, 153(a) and 153(b) as they pertain to defendant McDonald and puts plaintiff to his strict proof thereof.

10. With respect to the allegations in paragraph 79, denies the allegations, but qualifies that on July 29, 2010 plaintiff told defendant McDonald that plaintiff did not need to disclose to defendant McDonald the name of the attorney or the reason for possible legal filings citing attorney-client privilege and further admits and qualifies that plaintiff asked that defendant McDonald's directive be put in writing. Defendant McDonald denies the remaining allegations in paragraph 79.

11. As to the allegations in paragraph 80, admits defendant McDonald received a call from Kip Browne informing defendant McDonald that plaintiff was seen at a court hearing involving Hoff on February 10, 2011, but qualifies that Kip Browne asked defendant McDonald if plaintiff could be asked to leave the hearing. Browne did not ask that plaintiff be made to leave.

12. States no responsive pleading is required with respect to paragraphs 81, 88, and 92.

13. Admits the allegations in paragraphs 82, 85, and 95.

14. As to the allegations in paragraph 90, qualifies that on February 16, 2011, defendant McDonald asked plaintiff if he was working on any current legal work or filings, had contact with any attorney and, if so, who.

15. With respect to the allegations in paragraph 93, admits defendant McDonald gave plaintiff a directive to stay away from court hearings in which Hoff or Goodmundson were scheduled to appear, but denies the remaining allegations and puts plaintiff to his strict proof thereof.

16. As to the allegations in paragraph 109, admits Goodmundson called defendant McDonald on March 7, 2011 and qualifies she stated plaintiff had shoved some papers into Hoff's lawyers' hands, saying, "John's been served."

17. As to the allegations in paragraph 110, admits and qualifies that Goodmundson called and stated plaintiff has been following her into the Government Center and is continuously stalking her. Denies the remaining allegations in paragraph 110 and puts plaintiff to his strict proof thereof.

18. With respect to the allegations in paragraph 112, is without sufficient information to admit or deny, but believes the same to be true.

## COUNT I
### Violation of 42 U.S.C.A. §§§§1983, 1985, 1986 and 12203
### (Against all Defendants except Schooler)

19. With respect to plaintiff's first paragraph under the hearing Count I, defendant McDonald incorporates his responses in paragraphs 1-18 above and his responses below.

20. Denies the allegations in paragraphs 154, 155(a)-(e) and 156-158.

## COUNT II
### (Intentional Interference with contract between MDOC and Plaintiff)
### (Against all defendants except Schooler)

21. With respect to the allegations in paragraph 159, defendant McDonald incorporates his responses in paragraphs 1-20 above and his responses below.

22. Denies allegations in paragraphs 160 and 161.

23. As to the allegations in Count II, Breach of Settlement Agreement Contract, paragraphs 162-164, and Count IV, Default Judgment in 27-cv-10-3378, paragraphs 165-169, states the allegations are not addressed to defendant McDonald and therefore defendant McDonald is without sufficient information to admit or deny, and, therefore, denies the allegations.

## AFFIRMATIVE DEFENSES

Defendant McDonald asserts the following Affirmative Defenses:

1. Plaintiff's allegations fail to state a claim upon which relief may be granted.

2. Plaintiff's federal claims are barred by absolute, quasi-judicial and qualified immunity.

3. Plaintiff's state claims are barred by absolute, discretionary and/or official immunity.

4. Plaintiff's claims are barred by the applicable statute of limitations and res judicata.

5. Any harm or damages allegedly suffered by plaintiff is the result of plaintiff's own conduct or other conduct over which defendant McDonald has or had no control.

6. Plaintiff failed to mitigate his damages.

7. Pending investigation and discovery, further defenses may be available and, therefore, defendant McDonald reserves all affirmative defenses and the right to amend the Answer.

WHEREFORE, defendant McDonald requests that: the Court enter judgment in his favor against plaintiff; plaintiff's Complaint be dismissed against defendant McDonald in its entirety with prejudice; the Court award defendant McDonald his costs and disbursements, including reasonable attorneys' fees and the Court enter such other relief as it may deem appropriate.

DATE: May 29, 2013              s/ JULIE K. BOWMAN
                                Julie K. Bowman, Lic. #248496
                                Assistant Hennepin County Attorney
                                Counsel for Defendant, William McDonald
                                A-2000 Government Center
                                300 South Sixth Street
                                Minneapolis, MN  55487
                                Phone: (612) 348-7051
                                Fax: (612) 348-8299
                                julie.bowman@co.hennepin.mn.us