UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter Rickmyer,<br><br>              Plaintiff,<br><br>v.<br><br>Michael (Kip) Browne, Megan Goodmundson, Dan Rother, Robert Hodson, John George Hubbard II, Dave Haddy, Ann McCandless, John Does 1-3 in their individual capacities, and in their official capacity with the Jordan Area Community Council, Inc., David Schooler, John Willard Hoff, William McDonald, and John Does 4-6 in their individual capacities, and Jordan Area Community Council, Inc.,<br><br>              Defendants. | Court File No.  13-559 (SRN/SER)<br><br>**MOTION FOR RULE 11 SANCTIONS** |

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, David Schooler respectfully moves this Court for an Order imposing appropriate sanctions on Plaintiff Peter Rickmyer.

The claims and other legal contentions asserted against Mr. Schooler in Plaintiffs' Complaint are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. *See* Fed. R. Civ. P. 11(b)(2).  In addition, the claims and legal contentions asserted against Mr. Schooler in Plaintiff's Complaint appear to be asserted for an improper purpose, such as

to harass, cause unnecessary delay, or needlessly increase the cost of litigation.  *See* Fed. R. Civ. P. 11(b)(1).

The specific reasons why Plaintiff's claims against Mr. Schooler violate Rule 11 are as follows:

**(1) Failure to State a Claim Upon Which Relief Can Be Granted:**  Plaintiff's Complaint fails to state a claim for breach of contract upon which relief can be granted.  A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint alleges that Mr. Schooler breached a settlement agreement between Mr. Schooler and Plaintiff because Mr. Schooler allegedly "[lied] to Judge Poston by stating that I am his personal stalker."  *See* Dkt. No. 7, at ¶ 126.  Nothing in the settlement agreement between Mr. Schooler and Plaintiff prohibited Mr. Schooler from lying about Plaintiff or referring to Plaintiff as a "personal stalker."  Accordingly, even if the allegations in the Complaint are true, there is no basis for Plaintiff to assert liability for breach of contract.

**(2) Lack of Subject Matter Jurisdiction:**  There is no basis for the United States District Court of Minnesota to exercise jurisdiction over Plaintiff's claim for breach of contract against Mr. Schooler.  Plaintiff's Complaint does not assert a civil action "arising under the Constitution, laws, or treaties of the United States," so federal question jurisdiction under 28 U.S.C. § 1331 is inapplicable.

Diversity jurisdiction does not apply.  In order for diversity jurisdiction to exist, Plaintiff and Mr. Schooler would need to be "citizens of different States" and the matter

in controversy would need to exceed "the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a)(1).  Both Plaintiff and Mr. Schooler are citizens of the state of Minnesota.  In addition, the Complaint does not plead sufficient facts to support the conclusion that the amount in controversy exceeds $75,000.00.  Neither of the requirements for diversity jurisdiction are satisfied.

There is also no basis for supplemental jurisdiction over Plaintiff's breach of contract claim against Mr. Schooler.  Supplemental jurisdiction only applies to claims that are "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Plaintiff's breach of contract claim against Mr. Schooler is wholly unrelated from the other causes of action alleged in his Complaint and does not arise from the same case or controversy as any of Plaintiff's other claims.

This motion shall be based upon all of the files and proceedings herein, a supporting memorandum of law and affidavit to be submitted in support of this motion, and the arguments of counsel.

Dated:  July 9, 2013                                  **BRIGGS AND MORGAN, P.A.**


By: s/Michael C. Wilhelm
       Michael C. Wilhelm (#0387655)
    2200 IDS Center
    80 South Eighth Street
    Minneapolis, Minnesota  55402-2157
            (612) 977-8400

5558025v1