## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter Rickmyer, | Case No. 13-cv-559 (SRN/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Michael (Kip) Browne; Megan Goodmundson; Dan Rother; Robert Hodson; John George Hubbard, II; Dave Haddy; Ann McCandless; David Schooler; John Willard Hoff; William McDonald; Jordan Area Community Council, Inc., | |
| Defendants. | |

Peter Rickmyer, *Pro Se* Plaintiff.

David J. McGee and Christopher P. Renz, Thomsen & Nybeck, PA, 3600 American Boulevard West, Suite 400, Bloomington, Minnesota 55431, for Defendants Michael (Kip) Browne, Megan Goodmundson, Dan Rother, Robert Hodson, John George Hubbard II, Dave Haddy, Ann McCandless, and Jordan Area Community Council, Inc.

Michael C. Wilhelm, Briggs & Morgan, PA, 80 South Eighth Street, Suite 2200, Minneapolis, Minnesota 55402, for Defendant David Schooler.

Paul Allen Godfread, Godfread Law Firm, 6043 Hudson Road, Suite 305, Woodbury, Minnesota 55125, for Defendant John Willard Hoff.

Julie K. Bowman, Hennepin County Attorney's Office, 300 South Sixth Street, Suite A-2000, Minneapolis, Minnesota 55487, for Defendant William McDonald.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the Court for consideration of Plaintiff's Objections [Doc. No. 191] to United States Magistrate Judge Leo I. Brisbois's January 7, 2014, Report and Recommendation ("R&R") [Doc. No. 189].  The Magistrate Judge denied Plaintiff's Motion to Appoint Counsel [Doc. No. 3] and Amended Motion to Appoint Counsel [Doc. No. 110].  The Magistrate Judge also recommended that: (1) Defendant Hoff's Motion to Dismiss [Doc. No. 19] be granted in part and denied in part, and Plaintiff's claims against Defendant Hoff (Counts 1, 2, and 4) be dismissed with prejudice; (2) Defendant Jordan Area Community Council's Motion to Dismiss [Doc. No. 64] be granted, and Plaintiff's claims against Defendant Jordan Area Community Council be dismissed with prejudice; (3) Defendant Schooler's Motion to Dismiss [Doc. No. 53] be granted, and Plaintiff's claim against Defendant Schooler be dismissed with prejudice; (4) Plaintiff's Motion to Amend Complaint [Doc. No. 171] be denied in its entirety, except as to Defendant McDonald; and (5) Defendant Schooler's Motion for Rule 11 Sanctions [Doc. No. 122] be granted.  (Jan. 7, 2014, Report and Recommendation at 54-55 [Doc. No. 189].)  For the reasons set forth below, the Court overrules Plaintiff's Objections and adopts the R&R in its entirety with one exception—Plaintiff's claim against Defendant Schooler is dismissed without prejudice.

## II.    BACKGROUND

The Magistrate Judge's R&R documents the factual and procedural background of this case, and the Court incorporates it by reference.

### A. Factual Background

Plaintiff Peter Rickmyer has multiple convictions in Minnesota and Oklahoma state courts for sexual contact with young boys.  See In re Rickmyer, 519 N.W.2d 188, 189 (Minn. 1994).  At least some of Plaintiff's claims in this case arise from his belief that certain Defendants conspired to have his parole revoked.  The facts of this case relate to prior litigation involving Plaintiff and Defendants, including:

- Rickmyer v. Hubbard, No. 27-cv-09-10939, in Hennepin County, Minnesota;

- Rickmyer v. Hoff, No. 27-cv-09-30329, in Hennepin County, Minnesota;

- Rickmyer v. Hodson, No. 27-cv-10-3378, in Hennepin County, Minnesota;

- Rickmyer v. Roy, No. 27-cv-11-11012, in Hennepin County, Minnesota;

- Stephenson v. Roy, No. 02-cv-11-3668 in Anoka County, Minnesota;

- Wells Fargo v. Clark, No. 12-cv-2621 in United States District Court for the District of Minnesota;

- Rickmyer v. Browne, No. 13-cv-141 in United States District Court for the District of Minnesota; and

- Rickmyer v. Jordan Area Community Council, Inc., No. 13-cv-2900 in United States District Court for the District of Minnesota.

(Jan. 7, 2014, Report and Recommendation at 5-10 [Doc. No. 189].)

### 1. Allegations against Defendants Hoff, McDonald, and JACC

Plaintiff lives in Hennepin County, Minnesota and is an eligible member of the Jordan Area Community Council ("JACC").  Between February 2009 and April 2009, he attended JACC Board and Finance Committee meetings, during which he was outspoken about certain issues.  Plaintiff generally alleges that the JACC "became interested in

running me out of my neighborhood and ultimately depriving me of my liberty," and the

JACC began retaliating against him.  JACC allegedly "authorized [Defendant] Hubbard

and [Defendant] Haddy to come to my house in May of 2009 knowing they were not

welcomed and making false allegations."  On July 22, 2009, Defendant Michael

Browne's wife allegedly contacted Plaintiff's parole officer to obtain a copy of Plaintiff's

conditions of release.  The next day, Plaintiff was arrested for parole violations.

   Plaintiff asserts that on or about November 15, 2009, Defendant John Willard Hoff

joined in the conspiracy and retaliation by blogging about Plaintiff and communicating

with Plaintiff's parole agent, Bobbie C. Jones.  In February 2010, after Plaintiff filed the

Rickmyer v. Hodson lawsuit in state court, Defendants Hoff and Megan Goodmundson

allegedly wrote blog posts and communicated further with Parole Agent Jones.  Plaintiff

claims that when Parole Agent Jones refused to retaliate against him, Defendants Hoff

and Browne conspired to "bully agent Jones off my case."

   Plaintiff generally alleges that the JACC, in a conspiracy with Defendant William

McDonald, committed fraud in Rickmyer v. Hodson.  Plaintiff also believes that

Defendant Browne prohibited him from amending a pleading in Rickmyer v. Hodson, in

order to ensure that Plaintiff would lose at summary judgment.  Plaintiff further alleges

that, while he was working on an appeal of an order that declared him to be a frivolous

litigant, Defendant Hoff "on behalf of the JACC group harassed and stalked" Plaintiff at

the public law library and used an unnamed person "to gather drafts from tables and

wastebaskets . . . allowing Hoff to glean that I was working on an appeal."  Plaintiff

states that he "was forced to abandon [his] appeal because there was no way / place I

4

could work on it."

In June 2010, Plaintiff filed a complaint against the JACC with the Minnesota Department of Civil Rights, which allegedly triggered a new round of blog posts, conspiratorial communications among Defendants JACC, Hoff, and McDonald that continued until May 2013.  Plaintiff claims that in March 2011, Defendant McDonald communicated *ex parte* wih the judge in Rickmyer v. Hodson.  On March 9, 2011, Plaintiff was arrested, and he maintains that he has been "in custody (incarcerated, house arrest and or curfew)" since then.

Finally, Plaintiff alleges that Defendants failed to inform the state court in Rickmyer v. Roy that they had committed fraud in Rickmyer v. Hodson.

### 2.  Factual Allegations against Defendant Schooler

In Rickmeyer v. Hodson, Plaintiff brought claims alleging defamation, intentional interference with contracts, discrimination, harassment, loss of liberty, loss of free speech, trespassing, and aiding and abetting against Hoff, Schooler, the JACC, and others.  The claims against Schooler were dismissed under a confidential settlement agreement.  Plaintiff now alleges that during a state court hearing on May 16, 2012, Defendant Schooler violated the settlement agreement by describing Plaintiff as Schooler's "personal stalker" and seeking to remove Plaintiff from the courtroom—acts that "publicly vilified and humiliated" Plaintiff.

### B.  Procedural History

Plaintiff filed this suit on March 11, 2013, and he amended his Complaint on March 15, 2013.  On May 6, 2013, Plaintiff filed a Second Amended Complaint [Doc.

No. 7]—the operative complaint at this time—asserting the following claims: (1) violations of 42 U.S.C. §§ 1983, 1985, 1986, and 12203 against Defendants Hoff, McDonald, and the JACC (Count 1); (2) "intentional interference with contract" against Defendants Hoff, McDonald, and the JACC when they allegedly interfered with his "contract" with the Minnesota Department of Corrections (Count 2); (3) "breach of settlement agreement contract" against Defendant Schooler (Count 3); and (4) seeking default judgment in a Minnesota state court case, 27 cv-10-3378, against Defendant Hoff.

On May 30, 2013, Defendant McDonald filed his Answer [Doc. No. 11].  On June 7, 2013, Defendant Hoff filed a Motion to Dismiss [Doc. No. 19].  On June 26, 2013, Defendant Schooler filed a Motion to Dismiss [Doc. No. 53].  On July 1, 2013, Defendant JACC filed a Motion to Dismiss [Doc. No. 64].  On July 17, 2013, Plaintiff moved for default judgment [Doc. No. 84].  On August 14, 2013, Defendant Schooler moved for Rule 11 sanctions [Doc. No. 122].  On August 23, 2013, Plaintiff filed a "Third Amended Complaint" [Doc. No. 138].  On December 13, 2013, Plaintiff filed a "Fourth Amended Complaint" [Doc. No. 171].

On September 3, 2013, United States Magistrate Judge Steven E. Rau held a hearing on these motions.  Magistrate Judge Rau ruled from the bench that Plaintiff's Motion to Appoint Counsel [Doc. No. 3] and his Amended Motion to Appoint Attorney [Doc. No. 110] were denied for reasons stated on the record.  Magistrate Judge Rau also disclosed that he had represented Defendant Schooler many years ago.  Plaintiff asked that Magistrate Judge Rau recuse himself, which he did on September 13, 2013.  The case was reassigned to Magistrate Judge Jeffrey J. Keyes, who also recused himself.  The case

was ultimately reassigned to Magistrate Judge Leo I. Brisbois, who denied Plaintiff's

Motion to Appoint Counsel [Doc. No. 3] and his Amended Motion to Appoint Counsel

[Doc. No. 110].  Magistrate Judge Brisbois also recommended that: (1) Defendant Hoff's

Motion to Dismiss [Doc. No. 19] be granted in part and denied in part, and Plaintiff's

claims against Defendant Hoff (Counts 1, 2, and 4) be dismissed with prejudice; (2)

Defendant JACC's Motion to Dismiss [Doc. No. 64] be granted, and Plaintiff's claims

against Defendant JACC (Counts 1 and 2) be dismissed with prejudice; (3) Defendant

Schooler's Motion to Dismiss [Doc. No. 53] be granted, and Plaintiff's claim against

Defendant Schooler (Count 3) be dismissed with prejudice; (4) Plaintiff's Motion to

Amend Complaint [Doc. No. 171] be denied in its entirety, except as to Defendant

McDonald; and (5) Defendant Schooler's Motion for Rule 11 Sanctions [Doc. No. 122]

be granted.

On January 6, 2014, Plaintiff filed a letter and attachments to Chief United States

District Judge Michael J. Davis, alleging that Defendants misled the Court.  (Jan. 6, 2014

Letter to District Judge [Doc. No. 188].)  Plaintiff claims that Defendants failed to inform

the Court of a settlement agreement in Rickmyer v. Hodson, and that certain Minneapolis

police officers acknowledged that this case had "been compromised in [sic] [its]

entirety."  (Id. at 2.)  Plaintiff includes the Stipulation for Dismissal from Rickmyer v.

Hodson, which in complete context reads:

> It is hereby stipulated by and between the Peter Rickmyer, attorney pro se,
> and the City of Minneapolis Defendants, that all claims against the City of
> Minneapolis, Joel Pucely, Brandon Bartholomew, Scott Olson, Jeffery
> Newman and Michael Martin in the above entitled action have been
> compromised in their entirety and the matter may be dismissed with

prejudice pursuant to Rule 41, Minnesota Rules of Civil Procedure, and that the Court may enter and file an Order conforming to this Stipulation.

On January 21, 2014, Plaintiff filed his Objections to the January 7, 2014, Report and Recommendation.  (Pl.'s Objections to Jan. 21, 2014, Report and Recommendation [Doc. No. 191].)  Plaintiff requests: (1) that this Court not accept the R&R, (2) "an evidentiary hearing," and (3) "another hearing to replace the hearing conducted by Judge Rau."  (Id. at 2.)  Defendants Jordan Area Community Council, Michael Browne, Megan Goodmunson, Dan Rother, Robert Hodson, John George Hubbard, II, Dave Haddy, and Ann McCandless oppose Plaintiff's Objections.  (Mem. in Opp'n to Pl.'s Objections [Doc. No. 194].)

## III.   DISCUSSION

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations."  D.Minn. LR 72.2(b)(1).  The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3).  Ordinarily, the district judge relies on the record of proceedings before the magistrate judge.  D.Minn. LR 72.2(b)(3).

### A.  Defendants' Motions to Dismiss

#### 1.  Standard of Review

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in

the light most favorable to the plaintiff.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir.

1986).  The Court, however, need not accept as true wholly conclusory allegations, Hanten

v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions

that the plaintiff draws from the facts pled.  Westcott v. City of Omaha, 901 F.2d 1486,

1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545

(2007).  Although a complaint need not contain "detailed factual allegations," it must

contain facts with enough specificity "to raise a right to relief above the speculative level."

Id. at 555.  "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements," will not pass muster under Twombly.  Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (citing Twombly, 550 U.S. at 555).  In short, this standard "calls for enough

fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]."

Twombly, 550 U.S. at 556.

### 2.  Defendant Hoff

Plaintiff alleges three counts against Defendant Hoff: (1) violation of rights under

42 U.S.C. §§ 1983, 1985, 1986, and 12203 (Count 1); (2) "intentional interference with

contract" between the Minnesota Department of Corrections and Plaintiff (Count 2); and

(3) seeking default judgment against Defendant Hoff in the state court action, Rickmyer

v. Hodson, 27-cv-10-3378 (Count 4).

Defendant urges dismissal of Plaintiff's claims on three grounds: (1) Plaintiff's

claims have been disposed of with an adjudication on the merits under Federal Rule of

Civil Procedure 41; (2) Plaintiff fails to state a claim under the Iqbal / Twombly standard; and (3) Plaintiff's claims are barred by Minnesota's Anti-SLAPP statute. Defendant Hoff also seeks attorney's fees and costs under the Anti-SLAPP statute.

### a. Rule 41

Rule 41 of the Federal Rules of Civil Procedure provides that Plaintiff may voluntarily dismiss his action by filing a notice of voluntary dismissal, which ordinarily serves as a dismissal without prejudice. FED. R. CIV. P. 41(a)(1). "But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." FED. R. CIV. P. 41(a)(1)(B). This "two-dismissal rule" applies when a plaintiff brings the same claims in multiple actions, and attempts to voluntarily dismiss those claims more than once.

The Court agrees with the Magistrate Judge's conclusion that the two-dismissal rule does not apply here. Defendant argues that (1) "the dismissal due to plaintiff's failure to prosecute the [Rickmyer v. Roy] matter once remanded to state court would also act as an adjudication on the merits pursuant to Fed. R. Civ. P. 41(b)," and (2) Plaintiff's voluntary dismissal of Rickmyer v. Browne, 13-cv-141, would constitute a second dismissal. But as the Magistrate Judge correctly identified, "the dismissal of Plaintiff's claims in Rickmyer v. Roy was an *involuntary* dismissal, and by its express terms 'does not operate as an adjudication on the merits.'" (Jan. 7, 2013, Report and Recommendation at 16 [Doc. No. 189].) Accordingly, the Court does not dismiss Plaintiff's claims against Defendant Hoff under Federal Rule of Civil Procedure 41.

### b.  Failure to State a Claim

The Court, however, dismisses Counts 1, 2, and 4 on the grounds that Plaintiff

fails to state a claim for which relief can be granted against Defendant Hoff.

### i.  Count 1

Count 1 alleges claims under 42 U.S.C. §§ 1985, 1986, 1983, and 12203.

Under Section 1985, it is illegal to: (1) prevent a person from accepting, holding,

or discharging the duties of "any office, trust, or place of confidence under the United

States," including by threats or intimidation; (2) obstruct justice or intimidate a party,

witness, or juror; and (3) intimidate voters or "go in disguise on the highway or on the

premises of another, for the purpose of depriving . . . any person" of his civil rights.  See

42 U.S.C. § 1985.  Section 1986 establishes liability for failure to prevent acts described

in Section 1985.  Here, Plaintiff has pled no facts in support of his claims under Sections

1985 and 1986.  Accordingly, the Court dismisses Plaintiff's Section 1985 and Section

1986 claims against Defendant Hoff with prejudice.

For his Section 1983 claim, Plaintiff must plead facts demonstrating that the

individual committing the offending action was acting under color of state law.  West v.

Atkins, 487 U.S. 42, 48 (1988).  Here, Plaintiff generally alleged that Defendant Hoff—

both individually and as part of a conspiracy involving Defendants McDonald and

JACC—took actions that resulted in Plaintiff's arrest and current state of "custody."  But

Plaintiff has not pled facts showing that Defendant Hoff was acting under color of state

law.  On this ground alone, Plaintiff's Section 1983 claim against Defendant Hoff fails.

Plaintiff's Section 1983 claim against Defendant Hoff also fails because Plaintiff

has not made more than conclusory allegations that Defendant Hoff violated his constitutional rights.  Mere invocation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, without more, does not show how Plaintiff was deprived of his rights under these Amendments.  Although Plaintiff claims that Defendant Hoff wrote inaccurate blog posts about Plaintiff's conditions of release, he does not identify how any violation of his constitutional rights directly resulted from these blog posts.  Similarly, Plaintiff does not plead specific factual allegations that Defendant Hoff conspired against him, or took any overt act in furtherance of such a conspiracy.  Because Plaintiff has not asserted facts in support of his Section 1983 claim against Defendant Hoff, the Court dismisses this claim with prejudice.

Finally, 42 U.S.C. § 12203 prohibits retaliation against a person who participates in an investigation, proceeding or hearing concerning disability rights; it also prohibits coercion or intimidation of a person because of his exercise of such rights.  Plaintiff's Section 12203 claim requires him to allege facts showing that: (1) he engaged in a statutorily protected activity; (2) an adverse action was taken against him; and (3) a causal connection between the adverse action and the protected activity existed.  Mershon v. St. Louis Univ., 442 F.3d 1069, 1074 (8th Cir. 2006).  Plaintiff has not alleged any specific facts to show that any action taken by Defendant Hoff was an adverse action or connected to Plaintiff's advocacy of the Americans with Disabilities Act ("ADA").  Any references to Defendant Hoff's blog posts have little relation to Plaintiff's ADA advocacy, but rather, more connection to Plaintiff's criminal record and the litigation history among the parties.  Accordingly, the Court dismisses Plaintiff's Section 12203

claim against Defendant Hoff with prejudice.

### ii.  Count 2

A claim of intentional interference with contract requires Plaintiff to allege facts supporting the following elements: (1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) intentional procurement of its breach; (4) without justification; and (5) damages.  Magee v. Trs. of the Hamline Univ., No. 11-cv-949, 2012 U.S. Dist. LEXIS 187590, at *20 (D. Minn. Oct. 15, 2012).

Plaintiff alleges that he had a "valid contract" with the Minnesota Department of Corrections, and that Defendant Hoff intentionally interfered with this contract, resulting in Plaintiff being placed "in-custody (incarceration, house arrest, and or curfew)."  Such allegations, however, fail to satisfy any of the five required elements.  As the Magistrate Judge aptly noted, the only "contract" to which Plaintiff refers appears to be his parole or other conditions of release.  There is no legal support that such conditions of release constitute a contract for purposes of a claim of intentional interference.  The Court therefore dismisses Count 2 with respect to Defendant Hoff with prejudice.

### iii.  Count 4

Plaintiff requests that this Court enter default judgment against Defendant Hoff in the state court case, Rickmyer v. Hodson, 27-cv-3378, which was closed approximately three years ago.  This Court, however, lacks jurisdiction to do so.  See Lawhorn v. Ayers, 2010 U.S. Dist. LEXIS 118250, at *6 (W.D. Va. Nov. 5, 2010) ("I do not have jurisdiction to enter a declaratory judgment in a state-court civil case closed long ago.").  Thus, the Court dismisses Count 4 against Defendant Hoff with prejudice.

In short, all counts against Defendant Hoff are dismissed with prejudice.

### c. Anti-SLAPP

The Court agrees with the Magistrate Judge's conclusion that the Court need not reach the question of whether Defendant is shielded from liability under the anti-SLAPP statute, which protects citizens and organizations from lawsuits that would chill their right to publicly participate in government.  See MINN. STAT. §§ 554.01-554.05; Boley v. Minn. Advocates for Human Rights, No. 08-cv-5908, 2010 U.S. Dist. LEXIS 4994, at *3 (D. Minn. Jan. 22, 2010 ("Because defendants have already prevailed on their statute-of-limitations defense, the Court need not reach any of their many other defenses, including whether they are immunized from liability under Minn. Stat. § 554.03.").  Accordingly, the Court denies Defendant Hoff's request for an award of attorney's fees and damages under the anti-SLAPP statute.

### 3. Defendant Schooler

Plaintiff alleges that Defendant Schooler breached the settlement agreement between Plaintiff and Defendant Schooler in Rickmyer v. Hodson, by referring to Plaintiff as his "particular stalker" when Plaintiff appeared at a hearing in an unrelated state court case.  Defendant Schooler argues that this Court lacks subject matter jurisdiction, and alternatively, Plaintiff fails to state a claim for breach of contract.

The Magistrate Judge concluded that this Court lacks subject matter jurisdiction over Plaintiff's breach-of-contract claim, and the Court agrees.  District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff has not asserted such a basis for federal

jurisdiction. A claim for breach of contract "should be heard in state court unless it has

'its own basis for jurisdiction.'" Myers v. Richland County, 429 F.3d 740, 745 (8th Cir.

2005).

Plaintiff also has not asserted facts to support a basis for diversity jurisdiction.

See 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil

actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between—(1) citizens of different States . . . ."). Here, the

parties are not diverse, because Plaintiff and Defendant Schooler are citizens of

Minnesota. Even if they were diverse, Plaintiff fails to plead facts to show that the matter

in controversy exceeds $75,000. Conclusory statements, without more, are insufficient.

Furthermore, supplemental jurisdiction is not appropriate to exercise here. See 28

U.S.C. § 1367 (permitting the Court to exercise supplemental jurisdiction over a state law

claim that is "so related to claims in the action within such original jurisdiction that they

form part of the same case or controversy under Article III of the United States

Constitution"). Plaintiff's breach-of-contract claim does not relate to any of the other

federal claims that Plaintiff seeks to assert.

For these reasons, the Court grants Defendant Schooler's Motion to Dismiss and

dismisses Plaintiff's claims against Defendant Schooler without prejudice.

### 4. Defendant JACC

Plaintiff alleges the following against Defendant JACC: (1) JACC violated

Plaintiff's rights under 42 U.S.C. §§ 1983, 185, 1986, and 12203 (Count 1); and (2)

intentional interference with contract (Count 2). Defendant JACC argues that Plaintiff

fails to state a claim on which relief can be granted, and they are immunized from suit under the anti-SLAPP statute.

### a. Count 1

Count 1 alleges claims under 42 U.S.C. §§ 1985, 1986, 1983, and 12203.

The requirements for a claim under 42 U.S.C. §§ 1985, 1986, 1983, and 12203 are set forth in Part III(A)(2)(b)(i). Plaintiff has not pled any facts in support of his claims under Sections 1985 and 1986. Thus, these claims against Defendant JACC are dismissed with prejudice.

With respect to his Section 1983 claim, Plaintiff has not shown that the JACC was acting under color of state law. As a non-profit organization, the JACC is not a governmental entity. On this ground alone, Plaintiff's Section 1983 claim against Defendant JACC fails. Moreover, Plaintiff has not alleged any facts to support his conspiracy claim against Defendant JACC. The Court therefore dismisses Plaintiff's Section 1983 claim against JACC with prejudice.

Lastly, Plaintiff has not alleged any specific facts to support his allegation of retaliation under Section 12203 with respect to Defendant JACC. Accordingly, the Court dismisses this claim against Defendant JACC with prejudice.

### b. Count 2

The elements of intentional interference with contract are set forth in Part III(A)(2)(b)(ii). Because Plaintiff has not alleged facts sufficient to show the existence of a contract, the Court agrees with the Magistrate Judge's conclusion that this claim fails. The Court dismisses Count 2 with respect to Defendant JACC with prejudice.

16

### c.  Anti-SLAPP Statute

As discussed earlier, supra Part III(A)(2)(c), the Court does not reach the question of defenses that may be available under the anti-SLAPP statute.

In short, the Court grants Defendant JACC's motion to dismiss in its entirety, and all claims against JACC are dismissed with prejudice.

### B.  Defendant Schooler's Motion for Rule 11 Sanctions

This is at least the second lawsuit that Plaintiff has brought against Defendant Schooler, who was also a defendant in Rickmyer v. Hodson.  In this case, Defendant Schooler filed his Motion to Dismiss [Doc. No. 64] on July 1, 2013.  On July 9, 2013, he informed Plaintiff that he would file a motion for Rule 11 sanctions if Plaintiff did not voluntarily dismiss his claims against Defendant Schooler within 21 days.  Defendant asserted why he believed the Court to lack subject matter jurisdiction over Plaintiff's claims, and why the conduct forming the basis of Plaintiff's claims against him was not prohibited by their earlier Settlement Agreement.  Plaintiff did not dismiss his claims against Defendant Schooler.  On August 14, 2013, Defendant moved for sanctions against Plaintiff [Doc. No. 122].

Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."  The purpose of this requirement is to certify that

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11(b).  The Court may impose an appropriate sanction on any party that has violated the rule, and both monetary and non-monetary sanctions are authorized. FED. R. CIV. P. 11(c)(4).  But "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Id.

The Court agrees with the Magistrate Judge's conclusion that Plaintiff's breach-of-contract claim was not objectively reasonable.  Plaintiff has not defended his assertion of a breach-of-contract claim against Defendant Schooler.  Of greater concern to the Court is the complete absence of a breach-of-contract claim in Plaintiff's "Third Amended Complaint" and "Fourth Amended Complaint" [Doc. No. 138, 173].  Plaintiff never dismissed this claim for breach of contract.  He now attempts to "shoehorn his existing factual allegations against Defendant Schooler into a new § 1983 claim by asserting (*without any factual support whatsoever*) that Defendant Schooler's 'personal stalker' comment on May 16, 2012, was somehow part of a conspiracy 'with [Defendant] Hoff

and [Defendant] Goodmundson to have me removed from my neighborhood and put

behind bars for stalking on March 7, 2011.'"  (Jan. 7, 2013, Report and Recommendation

at 51-52 [Doc. No. 189].)  But as the Magistrate Judge recognized, this alleged

conspiracy occurred more than one year before the "personal stalker" comment was

made.  Under these circumstances, Plaintiff's claim for breach of contract is frivolous, as

is his more recent assertion under Section 1983.  In light of Plaintiff's refusal to dismiss

the breach-of-contract claim, the Court agrees with the Magistrate Judge's view that Rule

11 sanctions are appropriate here.

The Court now considers what sanctions are appropriate to impose.  Defendant

Schooler seeks the following order:

> Peter Rickmyer (also known as Peter Stephenson) may not file any new
> cases in the United States District Court for the District of Minnesota
> unless: (i) an attorney authorized to practice law in Minnesota and admitted
> to practice in the United States District Court for the District of Minnesota
> has signed the Complaint; and (ii) the Chief Judge of the United States
> District [Court] for the District of Minnesota has approved.

(Mem. of Law in Supp. of Mot. for Rule 11 Sanctions at 14 [Doc. No. 124].)  To be clear,

the Court does not condone Plaintiff's conduct.  Nonetheless, it is reluctant to grant

Defendant's requested sanction because Plaintiff has yet to generate the volume of

frivolous litigation that has prompted this Court and other federal courts to act.  See In re

McDonald, 489 U.S. 180 (1989) (limiting petitioner's ability to file *in forma pauperis* for

extraordinary writs after he made 73 separate filings with the Court, including 4 appeals,

33 petitions for certiorari, 19 petitions for extraordinary writs, 7 applications for stays and

other injunctive relief, and 10 petitions for rehearing); Peck v. Hoff, 660 F.2d 371 (8th

Cir. 1981) (affirming pre-filing review procedure for plaintiff's *in forma pauperis*

complaints after plaintiff filed 16 cases and had 23 more ready to file); Stephens v.

Jensen-Carter, Nos. 6-cv-693 and 06-cv-2327, 2007 U.S. Dist. LEXIS 75115 (D. Minn.

Sept. 27, 2007) (barring debtors from further filings related to their bankruptcies unless

signed by an attorney or authorized by a judge after a "seemingly endless flow of

frivolous and abusive filings" over the course of nine years).  Although Plaintiff has a

significant litigation history with certain Defendants in this case, it has not reached the

level that justifies a blanket restriction on Plaintiff's access to federal court.

Although the Court is not convinced that monetary sanctions will be effective due

to Plaintiff's *in forma pauperis* status, some form of sanctions is necessary.  Because a

pre-filing review procedure is not justifiable at this time, the only form of sanctions

remaining is monetary.  Accordingly, the Court adopts the Magistrate Judge's

recommendation that Defendant be granted an award of $5,000, to be paid by Plaintiff for

violating Rule 11 in this case.  Defendant Schooler's Motion for Rule 11 sanctions is

therefore granted.

### C.  Plaintiff's Motion to Amend Complaint

#### 1.   Standard of Review

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be

freely given when justice so requires."  The determination as to whether to grant leave to

amend is entrusted to the sound discretion of the trial court.  Niagara of Wisconsin Paper

Corp. v. Paper Indus. Union Mgmt. Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986).

Although amendment of a complaint should be allowed liberally to ensure that a case is

decided on its merits, there is no absolute right to amend.  Ferguson v. Cape Girardeau Cnty., 88 F.3d 647, 650-51 (8th Cir. 1996).  Denial of leave to amend may be justified by "undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party."  Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987).  An amendment is futile if the amended complaint could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Cornelia I. Crowell GST Trust v. Possis Medical, Inc., 519 F.3d 778, 782 (8th Cir. 2008).

### 2.  Futility of Amendment

The Magistrate Judge tracks the changes that Plaintiff seeks to make to his Complaint.  These changes include new Defendants, withdrawn claims for breach of contract and under Section 1985 and Section 1986, minor changes to the claims against the existing Defendants, and new claims under the Minneapolis Civil Rights Ordinance, the Minnesota Human Rights Act, Section 1983, and claims for intentional interference with judicial process and conspiracy to aid and abet false arrest.  (Jan. 7, 2014, Report and Recommendation at 36-39 [Doc. No. 189].)

The Court has reviewed the proposed amendments and agrees with the Magistrate Judge's conclusion that the claims in Plaintiff's "Fourth Amended Complaint" [Doc. No. 173] would not survive a Rule 12(b)(6) challenge.  As thoroughly documented by the Magistrate Judge, the factual underpinnings of Plaintiff's new claims do not differ from those of existing counts, and Plaintiff still fails to plead sufficient facts to support his claims.  As such, the Court denies Plaintiff's Motion to Amend Complaint with respect to

all defendants except Defendant McDonald.[1]

## IV.   ORDER

The Court therefore **OVERRULES** Plaintiff's Objections [Doc. No. 191] and

**ADOPTS** the Magistrate Judge's January 7, 2014, Report and Recommendation [Doc.

No. 189].  Accordingly, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's Motion to Appoint Counsel [Doc. No. 3] and his Amended Motion to
Appoint Counsel [Doc. No. 110] are **DENIED**, for reasons stated on the record on
September 3, 2013, by Magistrate Judge Rau;

2.     Defendant Hoff's Motion to Dismiss [Doc. No. 19] is **GRANTED in part** and
**DENIED in part**, and Plaintiff's claims against Defendant Hoff (Counts 1, 2, and 4) are
**DISMISSED with prejudice**;

3.     Defendant JACC's Motion to Dismiss [Doc. No. 64] is **GRANTED**, and
Plaintiff's claims against Defendant JACC (Counts 1 and 2) are **DISMISSED with
prejudice**;

4.     Defendant Schooler's Motion to Dismiss [Doc. No. 53] is **GRANTED**, and
Plaintiff's claim against Defendant Schooler (Count 3) is **DISMISSED without
prejudice**;

5.     Plaintiff's Motion to Amend Complaint [Doc. No. 171] is **DENIED** in its entirety,
except as to Defendant McDonald, whose summary judgment motion remains under
advisement; and

6.     Defendant Schooler's Motion for Rule 11 Sanctions [Doc. No. 122] is
**GRANTED**.

7.     Plaintiff's requests for an evidentiary hearing and another hearing to replace the
hearing conducted by Magistrate Judge Rau are **DENIED**.

---

[1] Defendant McDonald's Motion for Summary Judgment [Doc. No. 155] was heard on
January 14, 2014.  (Jan. 14, 2014, Court Mins. [Doc. No. 190].)  The Court will issue a
separate Report and Recommendation to address both the summary judgment motion and
Plaintiff's Motion to Amend Complaint as related to his claims against Defendant
McDonald.

Dated:        February 5, 2014                    s/ Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Court Judge