# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter Rickmyer,<br><br>   Plaintiff,<br><br>v.<br><br>Michael (Kip) Browne; Megan Goodmundson; Dan Rother; Robert Hodson; John George Hubbard, II; Dave Haddy; Ann McCandless; David Schooler; John Willard Hoff; William McDonald; Jordan Area Community Council, Inc.,<br><br>   Defendants. | Case No. 13-cv-559 (SRN/LIB)<br><br>**ORDER** |

Peter Rickmyer, *Pro Se* Plaintiff.

Julie K. Bowman, Hennepin County Attorney's Office, 300 South Sixth Street, Suite A-2000, Minneapolis, Minnesota 55487, for Defendant William McDonald.

SUSAN RICHARD NELSON, United States District Judge

**I. INTRODUCTION**

  This matter is before the Court on Plaintiff's Objections [Doc. No. 200] to United States Magistrate Judge Leo I. Brisbois's February 28, 2014, Order and Report and Recommendation ("R&R") [Doc. No. 197].  For the reasons set forth below, the Court overrules Plaintiff's Objections and adopts the Order and R&R in its entirety.

1

## II.     BACKGROUND

The Magistrate Judge's Order and R&R documents the factual and procedural background of this case, and the Court incorporates it by reference. Previously, this Court dismissed Plaintiff's claims against all of the Defendants except for William McDonald. (Feb. 5, 2014, Mem. Op. and Order at 22 [Doc. No. 196].)

In his Second Amended Complaint, Plaintiff asserted two claims against McDonald: (1) that McDonald conspired and retaliated against Plaintiff, infringing his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, in violation of 42 U.S.C. §§ 1983, 1985, 1986, the Americans with Disabilities Act, and 42 U.S.C. § 12203; and (2) "intentional interference with contract"—that McDonald purportedly interfered with Plaintiff's "contract" with the Minnesota Department of Corrections. (Second Am. Compl. at 22-24 [Doc. No. 7].)

On May 30, 2013, McDonald filed and served his Answer [Doc. No. 11]. On November 22, 2013, McDonald moved for summary judgment [Doc. No. 155]. On December 2, 2013, Plaintiff opposed the summary judgment motion [Doc. No. 166].

On December 13, 2013, Plaintiff filed a Motion to Amend Complaint [Doc. No. 171]. On December 20, 2013, McDonald opposed this motion [Doc. No. 177]. The Magistrate Judge subsequently heard oral argument on Defendant's summary judgment motion and Plaintiff's Motion to Amend the Complaint. (Jan. 14, 2014 Min. Entry [Doc. No. 190].) On February 19, 2014, the Magistrate Judge issued the instant Order and R&R, denying Plaintiff's Motion to Amend Complaint, and recommending that (1) McDonald's Motion for Summary Judgment be granted and (2) all claims against

McDonald be dismissed with prejudice. (Feb. 19, 2014, Order and R&R at 25-26 [Doc. No. 197].)

On February 28, 2014, Plaintiff filed his objections [Doc. No. 200] to the Order and R&R. On March 7, 2014, McDonald opposed Plaintiff's objections [Doc. No. 201]. On March 14, 2014, Plaintiff opposed McDonald's opposition to his objections [Doc. No. 202].

### III. DISCUSSION

#### A. Standard of Review

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." D.Minn. LR 72.2(b)(1). The district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); D.Minn. LR 72.2(b)(3). Ordinarily, the district judge relies on the record of proceedings before the magistrate judge. D.Minn. LR 72.2(b)(3).

In ruling on an objection from a non-dispositive matter decided by a magistrate judge, the district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." D.Minn. LR 72.2(a)(3). This standard is extremely deferential. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). A finding is "clearly erroneous" when although there is evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728

(8th Cir. 1996).

### B. Objections

In his Objections, Plaintiff again attempts to establish a conspiracy between McDonald and other defendants who have been dismissed. (Objections [Doc. No. 200].) No new facts or arguments are presented to challenge the Magistrate Judge's denial of Plaintiff's Motion to Amend Complaint, or the Magistrate Judge's recommendation that McDonald's Motion for Summary Judgment be granted and that all claims against McDonald be dismissed with prejudice. (Id.)

The Court agrees with the Magistrate Judge's reasoning and does not see any basis to conclude otherwise based on Plaintiff's Objections. Thus, the Court affirms the Magistrate Judge's denial of Plaintiff's Motion to Amend Complaint. Additionally, it grants McDonald's Motion for Summary Judgment and dismisses all claims against McDonald in this case with prejudice.

## IV. ORDER

The Court **OVERRULES** Plaintiff's Objections [Doc. No. 200] and **ADOPTS** the Magistrate Judge's February 19, 2014, Order and R&R [Doc. No. 197]. Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Magistrate Judge's denial of Plaintiff's Motion to Amend Complaint [Doc. No. 171] is **AFFIRMED**;

2. Defendant McDonald's Motion for Summary Judgment [Doc. No. 155] is **GRANTED**; and

3. All claims against Defendant McDonald in this case are **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:	April 18, 2014	<u>s/ Susan Richard Nelson</u>
	SUSAN RICHARD NELSON
	United States District Court Judge